No. 12579

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

ELLWOOD CARL BAILEY,

                Plaintiff and Respondent,

    -vs-

STATE OF MONTANA, and W. E. DOWLIN, JR.,
JUSTICE OF THE PEACE OF THE BILLINGS
TOWNSHIP,

                Defendant and Appellant.

---

Appeal from:   District Court of the Thirteenth Judicial District,
               Honorable Robert H. Wilson, Judge presiding.

Counsel of Record:

    For Appellant:

        Hon. Robert L. Woodahl, Attorney General, Helena,
         Montana
        Thomas Beers, Assistant Attorney General, argued,
         Helena, Montana
        Harold F. Hanser, County Attorney, Billings, Montana
        Doris M. Poppler, Deputy County Attorney, argued,
         Billings, Montana

    For Respondent:

        Robert C. Brogan argued, Billings, Montana

---

                        Submitted:  November 29, 1973

                          Decided: DEC 2 7 1973

Filed: DEC 2 7 1973


_Thomas J. Kearney_
                              Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an appeal by the State from an order of the district court of the thirteenth judicial district, the Honorable Robert H. Wilson, presiding, which order granted a writ denominated "Mandamus", later corrected to Supervisory Control, ordering a justice of the peace to honor an affidavit of disqualification and call in another justice of the peace.

A defendant, one Ellwood Carl Bailey, was charged with "driving while under the influence of intoxicating liquor". He appeared in justice court, Billings Township, Yellowstone County, before W. E. Dowlin, Jr.; pleaded "not guilty" on March 6, 1973; and requested a jury trial. Trial was set for April 17, 1973. On March 13, 1973, an affidavit of disqualification was filed. Justice of the Peace Dowlin refused to honor the disqualification affidavit. The trial date was reset for May 18, 1973.

On April 19, 1973, a petition for a writ of mandate was filed in the district court seeking an alternative writ to compel Justice of the Peace Dowlin to either honor the disqualification or appear to show cause why he should not. On May 11, a hearing was held and the district court granted a writ of mandamus which writ ordered Judge Dowlin to honor the affidavit of disqualification.

On June 5, notice of appeal was filed by the county attorney on behalf of Judge Dowlin. On June 22, the district court, Judge Wilson, denied Bailey's motion to tax costs including attorney fees. In that order, Judge Wilson stated that the writ was one of supervisory control, rather than technically mandamus, and therefore denied attorney fees. The defendant Bailey in the criminal charge was denominated a "plaintiff" in the action seeking a writ. He "cross appeals" here, seeking attorney fees and costs against Justice of the Peace Dowlin, denominated a "defendant".

The issues on appeal are that the district court erred in granting a writ of mandamus because:

(1) A justice of the peace cannot be disqualified for prejudice, but rather the remedies are limited to appeal and change of the place of trial under sections 95-2009 and 95-2003, R.C.M. 1947.

(2) Mandamus is an inappropriate remedy if a justice of the peace refuses to disqualify himself or refuses to change the place of trial.

As to the second issue, we have stated heretofore that in the order denying costs and attorney fees, the district judge stated the writ was one of supervisory control in the aid of its appellate jurisdiction over justice courts under section 95-2009, R.C.M. 1947. This would be correct because the writ of mandamus is available only where there is no plain, speedy and adequate remedy in the ordinary course of law. Section 93-9103, R.C.M. 1947.

> Section 95-2009, R.C.M. 1947, provides:
>
> "(a) All cases on appeal from justices' or police courts must be tried anew in the district court and may be tried before a jury of six (6) which may be drawn from either the regular panel or jury box No. 3.
>
> "(b) The defendant may appeal to the district court by giving written notice of his intention to appeal within ten days (10) days after judgment.
>
> "(c) Within thirty (30) days the entire record of the justice or police court proceedings shall be transferred to the district court or the appeal shall be dismissed. It shall be the duty of the defendant to perfect the appeal."

Thus a plain, speedy and adequate remedy at law is specifically provided and mandamus will not lie.

As to issue (1), keeping in mind section 95-2009, R.C.M. 1947, quoted above, a "prejudiced" judge, as distinguished from a "prejudiced" township or community, may be alleviated or corrected by an appeal and a trial de novo.

- 3 -

Chapter 20, Title 95, R.C.M. 1947, is entitled "Justice and Police Court Proceedings". The Criminal Law Commission comment accompanying the chapter reads in part:

> "This Chapter includes only those sections which are peculiar or apply exclusively to justice and police courts. * * *"

Included in Chapter 20 is section 95-2003, R.C.M. 1947, which provides:

> "(a) The defendant or prosecution, before trial, may move for a change of place of trial on the ground that there exists in the township in which the charge is pending such prejudice that a fair trial cannot be had in such township.
>
> "(b) The motion shall be in writing and supported by affidavit which shall state the facts showing the nature of the prejudice alleged. The defendant or the state may file counteraffidavits. The court shall conduct a hearing and determine the merits of the motion.
>
> "(c) If the court determines that there exists in the township where the prosecution is pending such prejudice that a fair trial cannot be had it shall transfer the cause to any other court of competent jurisdiction in any township where a fair trial may be had."

Also included in Chapter 20 is section 95-2009 --Appeal-- previously quoted, which gives a right of trial de novo in the district court. Significantly no section providing for substitution of judges appears in Chapter 20.

In Chapter 17, Title 95, R.C.M. 1947, entitled "Pretrial Motions", appears section 95-1709 --Substitution of judge--; and section 95-1710 --Change of place of trial. Those two sections read:

> "95-1709. Substitution of Judge.
>
> (a) The defendant or the prosecution may move the court in writing for a substitution of judge on the ground that he cannot have a fair and impartial hearing or trial before said judge. The motion shall be made at least fifteen days prior to the trial of the case, or any retrial thereof after appeal, except for good cause shown. Upon the filing of such a motion the judge against whom the motion is filed shall be without authority to act further in the criminal action, motion or proceeding but the provisions of this section do not apply to the arrangement of the calendar, the regulation of the order of business, the power of transferring the criminal action or proceeding to some other court, nor to the power of calling in another judge to sit and act in such

- 4 -

criminal action or proceeding, providing that no judge shall so arrange the calendar as to defeat the purposes of this action. Not more than one judge can be disqualified in the criminal action or proceeding, at the instance of the prosecution and not more than one judge at the instance of the defendant or defendants.

"If either party in any matter above-mentioned shall file the affidavit as herein provided such party may not complain of any reasonable delay as the result thereof.

"The provision of this section shall be inapplicable to any person in any cause involving a direct contempt of court.

"(b) In addition to the provision of subsection (a) any defendant may move at any time for substitution of judge for cause, supported by affidavit. Upon the filing of such motion the court shall conduct a hearing and determine the merits of the motion."

"95-1710. Change of Place of Trial.

"(a) The defendant or the prosecution may move for a change of place of trial on the ground that there exists in the county in which the charge is pending such prejudice that a fair trial cannot be had in such county. The motion shall be made at least fifteen days prior to trial, unless, for good cause shown, it may be made thereafter.

"(b) The motion shall be in writing and supported by affidavit which shall state facts showing the nature of the prejudice alleged. The defendant or the state may file counter-affidavits. The court shall conduct a hearing and determine the merits of the motion.

"(c) If the court determines that there exists in the county where the prosecution is pending such prejudice that a fair trial cannot be had it shall transfer the cause to any other court of competent jurisdiction in any county where a fair trial may be had."

From the context of these two sections it is clear that both sections refer to district court actions. However, the defendant Bailey argues that since section 95-206, R.C.M. 1947, the chapter on definitions, defines the term "judge" to include justice of the peace, then section 95-1709 using the word "judge" rather than "district court judge", must include the right to substitution of justice of the peace. Section 95-206, R.C.M. 1947, reads:

"'Judge' means a person who is invested by law with the power to perform judicial functions and includes court, justice of the peace or police magistrate when a particular context so requires." (Emphasis added).

Does the particular context of section 95-1709, R.C.M. 1947, require it? We think not. Rather, we find that the overall context of the Code of Criminal Procedure requires that sections 95-1709 and 95-1710 apply to district courts.

As we have heretofore shown, an adequate, speedy remedy at law is provided by the right to a trial de novo under section 95-2009, R.C.M. 1947. Thus a new judge is had in any event. Also, significantly the legislature has not provided for other justices of the peace to be called in. Many counties and townships have only one justice of the peace. No provision anywhere in the Code is provided for procedures, expenses, record keeping or otherwise for substitution of justices of the peace. This alone strengthens the view that the particular context of section 95-1709 does not require the word "judge" to include justice of the peace. Rather, it requires that it not be included since other adequate and prompt methods for protecting the right of a defendant to justice are provided, as heretofore explained.

Accordingly, we hold that a justice of the peace may not be disqualified on a simple affidavit for substitution of judge under section 95-1709, R.C.M. 1947, but rather the provisions of Chapter 20, Title 95, R.C.M. 1947, must be followed.

We reverse the order of the district court appealed from and remand the cause to the district court for dismissal of the complaint of Bailey and for remand to the justice court of Billings Township for trial of the complaint therein pending.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.