No. 82-11

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

STATE ex rel., CHARLES M. JOSLYN,

    Plaintiff and Respondent,

    -vs-

CITY COURT OF CHOTEAU and CITY JUDGE,
JOHN ALBRECHT,

    Defendant and Appellant.

Appeal from:  District Court of the Ninth Judicial District,
              In and for the County of Teton, The Honorable
              H. William Coder, Judge presiding.

Counsel of Record:

    For Appellant:

        Murphy and Curtis, Choteau, Montana

    For Respondent:

        Charles M. Joslyn, Choteau, Montana

Submitted on Briefs:  March 11, 1982

Decided:  May 13, 1982

Filed MAY 13 1982

Thomas J. Kearney
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

The City Court of Choteau (Choteau) appeals from an order of the District Court, Ninth Judicial District, Teton County, granting a writ of supervisory control ordering Choteau City Judge John Albrecht to refrain from presiding over any further proceedings in regard to dog licensing citations issued to Charles M. Joslyn (Joslyn).

Choteau raises the following issues for review:

(1) Whether District Courts have power of supervisory control over city courts.

(2) Whether a writ of prohibition is proper when a trial de novo on appeal is available in District Court.

(3) Whether a defendant in city court can disqualify a city court judge by filing an affidavit of bias and prejudice.

We vacate the order.

Over a period of several months, Joslyn was issued seven citations for keeping unlicensed dogs on his premises in violation of a Choteau city ordinance. On September 17, 1981, Joslyn submitted an affidavit of disqualification of the city judge in relation to the first citation which was issued. Joslyn then filed a petition for a writ of prohibition directing Albrecht to refrain from any further proceedings with regard to the citation. The petition was later expanded to include five of the citations.

The District Court granted Joslyn a writ of supervisory control which prohibited Albrecht from "presiding over any further procedures in any matters now pending in the city court, Choteau, Teton County, Montana, involving the petitioner, Joslyn."

The first issue is whether District Courts have the power of supervisory control over city courts. In State ex rel. Ward v. Schmall (1980), ____ Mont. ____, 617 P.2d 140, 37 St.Rep. 1720, the District Court granted a writ of supervisory control which instructed a justice of the peace to stay criminal proceedings against the relator. In returning the cause to the justice of the peace for proceedings on the merits, this Court stated that "[a]bsent a constitutional provision or statute bestowing upon the District Courts the authority to grant writs of supervisory control over Justice of the Peace Courts we are obligated to infer that District Courts do not have such power." Ward, 617 P.2d at 141, 37 St.Rep. at 1721-1722. There is likewise no constitutional or statutory provision granting District Courts supervisory control over city courts. The Ward rationale thus applies here. The District Court acted outside its jurisdiction in granting a writ of supervisory control.

The second issue is whether an issuance of a writ of prohibition by the District Court would have been proper. Although Joslyn received a writ of supervisory control, he had requested a writ of prohibition.

Section 27-27-101, MCA, provides:

> "The writ of prohibition is the counterpart of the writ of mandate. It arrests the proceedings of any tribunal, corporation, board, or person, whether exercising functions judicial or ministerial, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board, or person."

Section 27-27-102, MCA, provides:

> "The same may be issued by the supreme court or the district court or any district judge to any inferior tribunal or to a corporation, board, or person in all cases where there is not a plain, speedy, and adequate remedy in the ordinary course of law."

-3-

In Bailey v. State of Montana (1973), 163 Mont. 380, 517 P.2d 708, a justice of the peace refused to honor a disqualification affidavit. This Court held that the defendant's right of trial de novo on appeal from justice court provided him with a plain, speedy, and adequate remedy at law, and ruled that mandamus therefore would not lie. Bailey, 163 Mont. at 385, 517 P.2d at 711; Accord, State v. Crane (1982), ____ Mont. ____, 639 P.2d 514, 516, 39 St.Rep. 126, 128.

Section 25-33-301, MCA, provides for a trial de novo on appeal to the District Court from the city court. The right to appeal is, in substance, identical to that which this Court ruled a plain, speedy, and adequate remedy in the ordinary course of law in Bailey. Because of his right of appeal to the District Court, Joslyn is not entitled to a writ of prohibition.

The third issue is whether a defendant in city court can disqualify a city court judge by filing an affidavit of bias and prejudice. A Supreme Court order dated June 29, 1981 (codified at 3-1-802, MCA), provides for disqualification of judges. Although the order does not specifically refer to city court judges, it does refer to justices of the peace and municipal judges. A city court judge is the type of judge which the disqualification for cause section applies to. Therefore, we find that a city court judge can be disqualified for cause under section 3-1-802, MCA.

The District Court lacked jurisdiction to stay the proceedings of the city court. The cause is remanded to the city court for further proceedings.

Justice

-4-

We Concur:

_Frank J. Haswell_
Chief Justice

_Gen B Daly_

_Daniel J Shea_

_John C Sheehy_
Justices