No. 86-357

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

IAN CHRISTOPHERSON,

        Petitioner and Appellant,

   -vs-

STATE OF MONTANA, STATE TAX APPEAL
BOARD, and MONTANA DEPARTMENT OF
REVENUE,

        Respondents and Respondents.

LEO C. MIGHT,

        Intervenor.


APPEAL FROM: District Court of the Fourth Judicial District,
              In and for the County of Missoula,
              The Honorable C.B. McNeil, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Sol & Wolfe; Michael Sol, Missoula, Montana

    For Respondent:

        Charles A. Smith, III, State Tax Appeal Board, Helena,
        Montana
        Michael Garrity, Dept. of Revenue, Helena, Montana
        Geiszler, Taylor, Newcomer & McClain; Kerry N.
        Newcomer, Intervenor, Missoula, Montana


Submitted on Briefs: Jan. 22, 1987

Decided: April 9, 1987

Filed: APR 9 - 1987

*Ethel M. Harrison*

———————————————————————
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Petitioner Ian Christopherson appeals orders of the Fourth Judicial District Court denying petitioner's application for writ of mandamus and/or prohibition, permitting intervention by Leo Might, and partial award of attorney's fees to Might. We affirm.

On September 7, 1983, Ian Christopherson filed an application with the Montana Department of Revenue (DOR) requesting a liquor license transfer to himself from another individual. Christopherson intended to use the license for operation of the OK Corral Bar located at 411 N. California in Missoula, Montana. Following hearing on the transfer request, the hearings examiner determined the proposed location was in violation of local zoning ordinances and denied the application. On April 12, 1984, the director of DOR affirmed the decision.

Pursuant to statute, Christopherson appealed the DOR decision to the Montana State Tax Appeal Board (STAB). Contemporaneous with that appeal, Christopherson filed a complaint in District Court requesting declaratory judgment that the location of the OK Corral Bar did not violate local zoning ordinances. The appeal to STAB was stayed pending decision by the District Court. On November 2, 1984, the District Court entered judgment finding that the use of the OK Corral Bar as a licensed alcoholic beverage establishment was a legal, nonconforming use at its present location. The court ordered STAB to remand Christopherson'a appeal to DOR for further proceedings consistent with the court's opinion.

In compliance with the District Court order, DOR granted Christopherson's license transfer application on November 26, 1984. Leo Might, a homeowner adjacent to the OK Corral Bar,

2

appealed the DOR decision to STAB. Christopherson filed an application for alternative writ of mandamus and/or prohibition in District Court on January 18, 1985, requesting that the court order STAB to deny Might's appeal and affirm issuance of the liquor license to Christopherson. The District Court granted the writ compelling STAB to deny Might's appeal, but subsequently stayed the order following STAB's motion to quash the alternative writ. Might filed a motion to intervene in District Court which was granted May 9, 1985.

On December 16, 1985, the District Court entered its order denying Christopherson's application for alternative writ of mandamus and/or prohibition, dismissing Might's amended complaint in intervention and requiring each party to pay their own attorney's fees. On December 27, 1985, Might filed a motion to alter or amend judgment and noticed the matter for hearing January 17, 1986. The day prior to hearing, Christopherson appealed the May 9, 1985, and December 16, 1985, District Court orders to this Court. We dismissed the appeal by order dated April 14, 1986, finding it premature due to Might's pending motion to alter or amend judgment.

Following dismissal of Christopherson's appeal the District Court heard the parties' arguments concerning Might's motion to alter or amend judgment. On May 14, 1986, the District Court amended judgment to award Might attorney's fees and costs incurred due to Christopherson's untimely appeal to this Court.

Meanwhile, on January 13, 1986, STAB dismissed Might's appeal of the DOR decision granting the license transfer to Christopherson. STAB determined that the 1985 amendment of § 16-4-411, MCA, deprived it of jurisdiction to hear Might's appeal and placed jurisdiction with district court. Might

3

petitioned District Court on February 11, 1986, appealing the STAB order as well as the DOR license transfer to Christopherson. On November 10, 1986, the District Court entered its order finding the 1985 amendments to § 16-4-411, MCA, did not retroactively apply to Might's appeal before STAB, and ordered STAB to hear Might's appeal.

Christopherson appeals and raises the following issues:

1) Whether Might has standing to appear in Christopherson's mandamus action and to pursue appeal to STAB?

2) Whether the District Court erred in dismissing Christopherson's application for alternative writ of mandamus and/or prohibition?

3) Whether the District Court erred in awarding Might partial attorney's fees and costs and denying award of attorney's fees and costs to Christopherson?

Christopherson contends Might had no standing to intervene in District Court in the mandamus action nor was he an interested party with a right to appeal the DOR decision to STAB. We disagree.

Might filed a motion to intervene April 3, 1985, in District Court pursuant to Rule 24, M.R.Civ.P. Christopherson objected to Might's intervention as untimely because Might did not appeal the April 12, 1984, decision by DOR nor did he appear in Christopherson's initial action in District Court. The District Court granted Might's motion to intervene finding that it was the modified DOR decision entered November 16, 1984, which gave Might a basis for appeal. The April 12, 1984, DOR decision supported Might's position and provided no reason for him to appeal. Might appealed the modified DOR decision to STAB within 30 days of his receipt of the order pursuant to § 15-2-302(2), MCA. Might's appeal to STAB was stayed due to Christopherson's

4

application for writ of mandamus and/or prohibition before the District Court.

Section 16-4-411, MCA, permits any "interested party" to appeal a DOR decision concerning liquor license issuance, transfer, suspension or revocation. Might lives adjacent to the OK Corral Bar and objects to continued operation of a bar at that location. At the initial DOR hearing concerning Christopherson's application for liquor license transfer Might appeared as a protestor. We find Might's opposition to the liquor license transfer and his residence adjacent to the bar give him standing as an interested party within the meaning of § 16-4-411, MCA.

The District Court acted properly in permitting Might to intervene in Christopherson's mandamus action. Rule 24(a), M.R.Civ.P. provides:

> Rule 24(a). Intervention of right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Christopherson requested the District Court to order DOR and STAB to issue a liquor license to himself. Might's appeal before STAB concerned the same issue. It is clear Might's motion to intervene falls within Rule 24(a)(2), M.R.Civ.P., because an order by the District Court granting Christopherson's application for writ of mandamus and/or prohibition would have barred Might's appeal to STAB. This Court has previously held that a person having an interest in the subject matter of a mandamus action may be permitted to

5

intervene for the purpose of resisting the granting of the writ. State ex rel. Miles City v. Northern Pacific Railway Co. (1930), 88 Mont. 529, 295 P. 257.

The second issue on appeal is whether the District Court properly denied Christopherson's application for alternative writ of mandamus and/or prohibition. The District Court found that Christopherson had a plain, adequate and speedy remedy in the ordinary course of law pursuant to § 16-4-411, MCA, and that there had been no showing that DOR and STAB had failed to perform an act required by law. There is substantial credible evidence in the record supporting the court's dismissal of Christopherson's mandamus action.

Christopherson argues on appeal that his mandamus action was actually a direct appeal to District Court as provided for in the Montana Administrative Procedure Act. However, the record shows Christopherson's complaint was an application for alternative writ of mandamus and/or prohibition. The District Court order dated December 16, 1985, dismissed Christopherson's application for failure to establish that mandamus was proper. Our review is confined solely to whether the District Court properly dismissed the mandamus action and we will not address Christopherson's arguments raised pursuant to MAPA.

Section 27-26-102, MCA, provides that a writ of mandamus may be issued to compel performance of a duty required by law and the writ must be issued where there is not a plain, speedy, and adequate remedy in the ordinary course of law. Section 27-27-102, MCA, provides that a writ of prohibition may be issued where there is not a plain, speedy, and adequate remedy in the ordinary course of law. We agree with the District Court that Christopherson has failed to exhaust his administrative remedies nor has he shown that DOR and STAB are acting contrary to law.

DOR issued a modified decision November 26, 1984, granting a liquor license transfer to Christopherson in compliance with the November 2, 1984, declaratory judgment of the District Court. Might appealed DOR's modified decision to STAB pursuant to § 16-4-411, MCA (1983). Jurisdiction to hear Might's appeal is vested within STAB and Christopherson is not entitled to short circuit Might's statutory right to appeal by means of a mandamus or prohibition action. A writ of prohibition will lie only to restrain activities in excess of jurisdiction, and only when there is no plain, speedy, adequate remedy of law. State ex rel. Fulton v. District Court (1961), 139 Mont. 573, 366 P.2d 435.

The final issue is whether the District Court erred in awarding partial attorney's fees to Might and denying award of attorney's fees to Christopherson. The court awarded to Might attorney's fees and costs incurred due to Christopherson's untimely appeal to this Court. The District Court found Christopherson's notice of appeal filed the day before hearing on Might's motion to amend judgment was intended to interfere with consideration of Might's motion.

We find no abuse of discretion by the District Court in awarding partial attorney's fees and costs to Might. Christopherson's appeal to this Court was untimely and caused expense and delay to Might. The District Court concluded that pursuant to § 27-26-402, MCA, and its inherent equitable powers it had the power to assess attorney's fees to Might. We find the award to Might is supported by the record and was within the equity powers of the District Court. We will not overturn such an award absent a showing of abuse of discretion. State ex rel. Wilson v. Dept. of Natural Resources (Mont. 1982), 648 P.2d 766, 39 St.Rep. 1294.

Christopherson's contention that he is entitled to attorney's fees must fail. Christopherson has not prevailed

on any of the issues raised herein and has presented no grounds for the award of attorney's fees. The District Court's denial of attorney's fees and costs to Christopherson is affirmed.

The orders of the District Court appealed from are affirmed.

_____
                        Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices