No. 92-218

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

JOSEPH MALONEY,

      Petitioner and Appellant,

  -vs-

TINA GORDON, City Judge,
City Court of Columbia Falls,

      Respondent and Respondent.

FILED

SEP 22 1992

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Michael H. Keedy, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        James C. Bartlett, Hash, O'Brien & Bartlett,
        Kalispell, Montana

    For Respondent:

        Hon. Marc Racicot, Attorney General,
        Micheal S. Wellenstein, Assistant Attorney General,
        Helena, Montana
        Katherine R. Curtis, City Attorney, Columbia Falls,
        Montana

Submitted on Briefs:  September 10, 1992

Decided:  September 22, 1992

Filed:

_____
Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

Appellant, Joseph Maloney, appeals from an order and judgment of the District Court of the Eleventh Judicial District, Flathead County, dismissing his petition for writ of review, writ of mandamus, writ of supervisory control and other appropriate relief. We affirm.

Joseph Maloney (Maloney) was charged in the City Court of Columbia Falls with the misdemeanors of speeding and driving an automobile while under the influence of alcohol. He was charged under a document entitled Notice to Appear and Complaint signed by police officer R. Dettwiler. Maloney pled not guilty and a trial was held.

At trial there was testimony that the complaint was not properly sworn to by officer Dettwiler. Maloney made a motion to dismiss on such grounds. The city judge took the motion under advisement and proceeded with the trial. Maloney was convicted on both charges. The city judge later denied Maloney's motion to dismiss, ruling that the failure of the officer to swear to the complaint did not prejudice Maloney's substantial rights. Maloney has appealed his conviction de novo and his trial is pending in the District Court.

At the same time, Maloney appealed his conviction, he filed with the District Court a petition for writ of review, writ of mandamus, writ of supervisory control, or other appropriate writ, asking the District Court to direct the city court to dismiss the charges. The city filed an answer and a hearing was held. The

District Court denied and dismissed the petition for the various writs.

The District Court was correct in dismissing Maloney's petitions. There is no constitutional or statutory provision granting a district court the authority to issue a writ of supervisory control to a city court. See State, Etc. v. City Court of Choteau (1982), 198 Mont. 223, 225, 645 P.2d 428, 429. Maloney having failed to properly raise the issue of supervisory control by this Court, we will not address it.

The District Court's authority to issue a writ of mandamus in reviewing the action of the city court is controlled by § 27-26-102, MCA, which states:

> **When and by whom issued.** (1) It may be issued by the supreme court or the district court or any judge of the district court to any inferior tribunal, corporation, board, or person to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled and from which he is unlawfully precluded by such inferior tribunal, corporation, board, or person.
>
> (2) The writ must be issued in all cases where there is not a plain, speedy, and adequate remedy in the ordinary course of law.

Maloney has a plain, speedy, and adequate remedy at law, which is the right of a trial de novo in District Court. See § 46-17-311, MCA. He is therefore not entitled to a writ of mandamus. Also for the foregoing reason, Maloney is not entitled to a writ of review. Section 27-25-102(2), MCA, provides:

> **When and by whom granted.** A writ of review may be granted by:
> . . .

3

(2) the supreme court or the district court or any judge thereof, when an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction of such tribunal, board, or officer and there is no appeal or, in the judgment of the court, any plain, speedy, and adequate remedy.

Affirmed.

_____
                                    Justice

We Concur:

_____
        Chief Justice

_____

_____

_____

_____
        Justices

4

September 22, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


James C. Bartlett
Hash, O'Brien & Bartlett
P.O. Box 1178
Kalispell, MT   59903-1178

Hon. Marc Racicot, Attorney General
Michael S. Wellenstein, Assistant
215 N. Sanders, Justice Building
Helena, MT  59620


Katherine R. Curtis
City of Columbia Falls
P.O. Box 329
Columbia Falls, MT  59912

                                        ED SMITH
                                        CLERK OF THE SUPREME COURT
                                        STATE OF MONTANA

                                        BY:_____
                                            Deputy