# WILLIAM W. ROCHE,
## Petitioner and Appellant,
### v.
# NANCY SABO, Justice of the Peace,
## Ravalli County,
## Respondent and Respondent,
### and
# PATRICK HOWARD,
## Intervenor.

No. 93-074.
Submitted on Briefs May 27, 1993.
Decided June 10, 1993
50 St.Rep. 689.
259 Mont. 76.
853 P.2d 1258.

For Appellant: **William W. Roche**, Grantsdale, pro se.

For Respondent and Respondent: **George C. Corn**, Ravalli County Attorney, Hamilton, **Patrick R. Howard**, Hamilton.

JUSTICE NELSON delivered the Opinion of the Court.

This is an appeal from the Fourth Judicial District, Ravalli County, wherein the District Court vacated a Peremptory Writ of Mandamus dated May 29, 1992; dismissed the "Complaint at Law for a Peremptory Writ of Mandamus" of William W. Roche, Petitioner and Appellant herein; awarded attorney fees to Intervenor Patrick Howard; and remanded to the Justice Court for further proceedings. We affirm.

William W. Roche was a defendant in an unlawful detainer/eviction case in the Justice Court of the Hon. Nancy Sabo, Ravalli County Justice of the Peace.

After a bench trial, the Justice Court found against Mr. Roche and ordered his eviction for nonpayment of rent. Mr. Roche filed his Notice of Appeal from the Justice Court judgment, but failed to perfect the appeal by filing the statutory undertaking prescribed by § 25-33-201, MCA. The appeal was subsequently dismissed.

Mr. Roche then filed a "Complaint at Law for a Peremptory Writ of Mandamus" in the District Court. Patrick Howard, the plaintiff/landlord in the Justice Court action, successfully moved to intervene in the District Court case, and, in due course, moved for judgment on the pleadings. Judge Sabo joined in the motion. The District Court, stating that it considered matters outside the pleadings, treated the intervenor's motion as one for summary judgment and entered its Findings of Fact, Conclusions of Law and Order which found, *inter alia*, that Mr. Roche's approach to the case was designed to frustrate the lawful, final judgment of the Justice Court.

The District Court vacated its Peremptory Writ of Mandamus entered on the basis of Mr. Roche's Complaint, dismissed his Complaint with prejudice, awarded the intervenor his attorney fees and remanded the matter to the Justice Court for execution of the judgment and further proceedings. This appeal followed.

The District Court was correct in vacating the Peremptory Writ of Mandamus and in dismissing Mr. Roche's Complaint at Law for Peremptory Writ of Mandamus. Section 27-26-102, MCA, governs the issuance of a writ of mandamus by a district court to a justice court. That section provides that the writ must be issued "... in all cases

where there is not a plain, speedy, and adequate remedy in the ordinary course of law." Section 27-26-102(2), MCA.

In *Maloney v. Gordon* (1992), 254 Mont. 314, 316, 837 P.2d 1341, 1342, we held that where a litigant has a plain, speedy and adequate remedy at law by way of a trial *de novo* in district court, he is not entitled to a writ of mandamus.

Notwithstanding that Mr. Roche had a plain, speedy and adequate remedy in the ordinary course of the law by way of an appeal from the Justice Court judgment and trial *de novo* in District Court, and, while he filed his notice of appeal, he failed to perfect the appeal by filing the undertaking required by § 25-33-201, MCA. As a result, the District Court did not obtain jurisdiction over the action. The appeal was a mere nullity and was properly dismissed. *Berry v. Seman* (1990), 245 Mont. 335, 337, 801 P.2d 589, 590.

Furthermore, with respect to appeals from Justice Court, Section 25-33-101, MCA, provides:

**Exclusive Method of Review.** A judgment or order in a civil action, except when expressly made final by this code, may be reviewed as prescribed in this chapter *and not otherwise.* A party aggrieved may appeal in the cases prescribed in this chapter. (Emphasis added.)

Mr. Roche's exclusive method of review of the Justice Court judgment was by way of appeal and trial *de novo* in District Court. In failing to properly exercise that right of appeal, he is not entitled to use mandamus as a substitute.

■ Finally, we find no abuse of discretion by the District Court awarding Intervenor Howard his attorney fees under the circumstances of this case. The District Court found that:

Mr. Roche's approach to this case has been one designed to frustrate the lawful judgment of the Justice Court and prolong these proceedings for his personal financial gain and with complete disregard for the law and proper procedure. In such a case an award of attorney fees and costs is proper and fitting.

In *Christopherson v. State* (1987), 226 Mont. 350, 355, 735 P.2d 524, 527, we upheld the District Court's award of attorney fees to an intervenor in a mandamus action pursuant to the Court's equity powers. Similarly, we find that the award of attorney fees is supported by the record and was within the equity powers of the Court in this case.

Affirmed.

JUSTICES HARRISON, GRAY, HUNT, and TRIEWEILER concur.