

FILED

08/12/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0387

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 20-0387

LINDA McMULLEN,

Petitioner,

v.

MONTANA SIXTH JUDICIAL DISTRICT
COURT, SWEET GRASS COUNTY,
HONORABLE BRENDA R. GILBERT,
PRESIDING,

Respondent.

FILED

AUG 1 2 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Petitioner and Defendant Linda McMullen (Defendant), via counsel, seeks a writ of supervisory control pursuant to Article II, Section 2(2), of the Montana Constitution, over underlying proceedings in *Cremer Rodeo Land & Livestock Co. v. McMullen*, Cause No. DV-2016-23, Montana Sixth Judicial District Court, Sweet Grass County. Defendant asserts that the District Court abused its discretion under M. R. Civ. P. 15(a) in vacating proceedings on the morning of trial to allow Plaintiff in the underlying matter to file a motion, and then subsequently granting Plaintiff's motion to amend its prescriptive easement claim regarding a former county roadway to include a similar prescriptive easement claim over a related but distinct roadway spur branching off from the originally-disputed roadway.

Pursuant to *Mont. State Univ.–Bozeman v. Mont. First Jud. Dist. Ct.*, 2018 MT 220, ¶¶ 14-18, 392 Mont. 458, 426 P.3d 541; *Stokes v. Mont. Thirteenth Jud. Dist. Ct.*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754; and M. R. App. P. 14(3), Defendant asserts that supervisory control is necessary because the District Court is proceeding under a mistake of law for which ordinary appeal will be inadequate to remedy the gross injustice (i.e. dramatically increased cost and scope of trial preparation and presentation) that will result

from the last-minute amendment of the complaint. Defendant asserts that the court abused its discretion by not recognizing that the requested amendment was untimely, granting the amendment despite Plaintiff's failure to file a supporting brief, and thereby denying Defendant the opportunity to dispute the asserted grounds upon which the court granted the motion.

Supervisory control is an extraordinary remedy justified in our discretion only when urgency or emergency factors render the normal appeal process inadequate, purely legal questions are involved, and, as pertinent here, the petitioner demonstrates that the lower court is proceeding under a mistake of law that will result in a gross injustice. M. R. App. P. 14(3)(a). However, we cannot allow supervisory control to substitute for ordinary appeal at the convenience of the parties and will generally utilize it "[o]nly in the most extenuating circumstances." *State ex rel. Ward v. Schmall*, 190 Mont. 1, 617 P.2d 140 (1980). In our discretion, we may order a summary response to a petition for supervisory control or deny and dismiss it without response. M. R. App. 14(7).

The petition and the supporting documents here clearly indicate that, though recognizing that the motion was otherwise untimely on the morning of bench trial and that Plaintiff was previously aware that amendment or conformance of the complaint to the trial evidence would ultimately be necessary, the District Court granted the discretionary Rule 15 motion in the interest of judgment on the merits and on the ground that it would not be unduly prejudicial because: (1) the expanded claim was interrelated to the originally pled claim; (2) the existence, nature, and grounds of the expanded claim, and Plaintiff's intent to litigate it, were well-known to Defendant as the subject of "extensive testimony" on the contempt hearing record over a year earlier and as referenced in the deposition record; and (3) requiring further litigation in a separate future proceeding would be contrary to a "just, speedy, and inexpensive determination" of the entirety of the existing dispute between the parties. Despite Plaintiff's failure to file a supporting brief, the transcript from the morning of trial and the subsequent order granting the motion indicate that the ruling was based on the preceding oral argument of the parties, Defendant had full and fair opportunity and did in fact oppose the asserted grounds for the motion, and the amendment would not alter the

2

originally asserted legal theory for relief. We note further that Petitioner's assertions regarding the District Court's consideration of prejudice and surprise under M. R. Civ. P. 15(a) involve factual considerations generally not appropriate for review on supervisory control. Without prejudice to ordinary appeal, we accordingly conclude that the petition is insufficient to show that the District Court is proceeding under a mistake of law that will result in a gross injustice and under urgent or emergency circumstances render ordinary appeal an inadequate remedy.

IT IS THEREFORE ORDERED that the petition for writ of supervisory control is DENIED and DISMISSED.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioner, all counsel of record in the Sixth Judicial District Court, Sweet Grass County, Cause No. DV-2016-23, and the Honorable Brenda R. Gilbert, presiding.

DATED this 12 day of August, 2020.

_____
Chief Justice

_____

_____

_____

_____
Justices

3