FILED

08/25/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0171

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 20-0171

VOLKSWAGEN AKTIENGESELLSCHAFT
D/B/A VOLKSWAGEN GROUP AND/OR
VOLKSWAGEN AG, AUDI AG,
VOLKSWAGEN GROUP OF AMERICA, INC.,
VOLKSWAGEN GROUP OF AMERICA
CHATTANOOGA OPERATIONS, LLC, AUDI
OF AMERICA, LLC, DR. ING. H.C. F.
PORSCHE D/B/A PORSCHE AG, AND
PORSCHE CARS NORTH AMERICA, INC.,

Petitioners,

v.

MONTANA FIRST JUDICIAL DISTRICT
COURT, LEWIS AND CLARK COUNTY,
HONORABLE JAMES P. REYNOLDS,
Presiding,

Respondent.



ORDER

Petitioners and Defendants Volkswagen Aktiengesellschaft d/b/a Volkswagen Group and/or Volkswagen AG; AUDI AG; Volkswagen Group of America, Inc.; Volkswagen Group of America Chattanooga Operations, LLC; Audi of America, LLC, Dr. Ing. h.c. F. Porsche AG d/b/a Porsche AG; and Porsche Cars North America, Inc. ("Volkswagen"), seek a writ of supervisory control over the Montana First Judicial District Court in Cause No. DDV-2016-1045 to reverse that court's Order denying Volkswagen's motion to dismiss. Volkswagen maintains the District Court erred in concluding it could exercise personal jurisdiction over Volkswagen in this matter and that the claims asserted in this matter are not pre-empted by the Clean Air Act (CAA). Montana Department of Environmental Quality (DEQ), the Plaintiff in the underlying matter, responded and objected to Volkswagen's petition for writ. The Alliance for Automotive Innovation also

filed an amicus response with leave of Court. With leave of Court, the parties made several additional filings: Volkswagen filed a reply brief and DEQ filed a response to that reply, and DEQ filed a notice of supplemental authority and the parties filed supplemental briefs. Upon unopposed motion by Volkswagen, this Court struck an exhibit to DEQ's supplemental brief. This matter is now ready for disposition.

On August 22, 2017, DEQ filed its First Amended Complaint (FAC) in the underlying case. It alleged two causes of action against Volkswagen: it violated Admin. R. M. 17.8.325 by selling vehicles with altered or inoperative air pollution control devices that were subsequently operated in Montana, and it violated Admin. R. M. 17.8.325 by updating software on vehicles registered or operating in Montana at the time of the update that altered air pollution control devices or rendered those devices inoperative. In short, DEQ alleged Volkswagen committed pre-sale tampering by offering for sale vehicles whose emissions systems did not comply with the CAA, and that Volkswagen also committed post-sale tampering by updating software on the emission control systems of these vehicles that did not comply with the CAA.

More specifically, the FAC alleged that 2,400 vehicles registered in Montana are the subject of this litigation. It further alleged that Volkswagen AG, Audi AG, and Porsche AG—the German parent companies—delivered or arranged for the delivery of their vehicles to the United States with the intent to market and sell them and with the knowledge and intent that some would be sold, registered, and operated in Montana, and that the German parent companies are subject to personal jurisdiction under M. R. Civ. P. 4(b)(1) because they transact business in Montana and have violated a Montana air quality rule in Montana.

The FAC further alleged that in 2017, Volkswagen admitted that it had sold approximately 500,000 vehicles in the United States that used "defeat devices." The defeat device could detect when a vehicle was being emission-tested on a dynamometer and it would adjust the vehicle's performance so that it would pass emissions inspection under

2

the CAA. At all other times, the vehicle would operate with emissions that were between five and forty times higher than the acceptable emission rate.

The FAC further alleged that Volkswagen has admitted that it installed updates to the software of its defeat devices after those vehicles were "in the hands of consumers, 'through software updates during maintenance' and other means." The FAC alleged that each time Volkswagen updated the defeat device's software, it violated Admin. R. M. 17.8.325(1), which provides in part that "[n]o person shall intentionally remove, alter or otherwise render inoperative, exhaust emission control, crank case ventilation or any other air pollution control device which has been installed as a requirement of federal law or regulation."

Volkswagen moved to dismiss the FAC, arguing that the German parent companies should be dismissed for lack of personal jurisdiction and that DEQ had failed to state a claim and its arguments were pre-empted by the CAA.

The District Court denied the dismissal of the German parent companies, finding that exercising long-arm jurisdiction over them was reasonable because the allegations in the FAC showed that its claims resulted from the German parent companies' forum-related activities, including allegations that they directed local dealerships and mechanics to install the software updates at issue.

While the District Court granted Volkswagen's motion to dismiss DEQ's allegation of pre-sale tampering on pre-emption grounds, it denied Volkswagen's motion to dismiss the post-sale tampering allegation because it determined that those claims were not expressly pre-empted by the CAA.

Volkswagen's petition for writ of supervisory control seeks to reverse the District Court's adverse rulings. It argues DEQ should not be allowed to move forward on claims the District Court should have dismissed pursuant to Volkswagen's motion under M. R. Civ. P. 12(b). Volkswagen alleges supervisory control is necessary because the District Court should have granted its motion to dismiss the German parent companies for

3

lack of personal jurisdiction and that the District Court should have dismissed this matter in its entirety because DEQ's state law claim is pre-empted by the CAA.

Supervisory control is an extraordinary remedy that may be invoked when the case involves purely legal questions and urgent or emergency factors make the normal appeal process inadequate. M. R. App. P. 14(3). The case must meet one of three additional criteria: (a) the other court is proceeding under a mistake of law and is causing a gross injustice; (b) constitutional issues of state-wide importance are involved; or (c) the other court has granted or denied a motion for substitution of a judge in a criminal case. M. R. App. P. 14(3)(a)-(c). Whether supervisory control is appropriate is a case-by-case decision. *Stokes v. Mont. Thirteenth Judicial Dist. Court*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754 (citations omitted). Consistent with Rule 14(3), it is the Court's practice to refrain from exercising supervisory control when the petitioner has an adequate remedy of appeal. *E.g., Buckles v. Seventh Judicial Dist. Court*, No. OP 16-0517, 386 Mont. 393, 386 P.3d 545 (table) (Oct. 18, 2016); *Lichte v. Mont. Eighteenth Judicial Dist. Court*, No. OP 16-0482, 385 Mont. 540, 382 P.3d 868 (table) (Aug. 24, 2016).

Volkswagen maintains this matter is appropriate for writ of supervisory control because pre-emption and questions of personal jurisdiction are purely legal issues. It argues that the District Court made mistakes of law in the subject rulings, and that the "gross injustice" that would occur if this Court does not grant Volkswagen's petition is that it will have to incur the costs of discovery and trial.

"[A] writ of supervisory control is not to be used as a means to circumvent the appeal process. Only in the most extenuating circumstances will such a writ be granted." *State ex rel. Ward v. Schmall*, 190 Mont. 1, 617 P.2d 140 (1980). This Court has held that conserving resources, without more, is insufficient grounds to justify supervisory control where a party can seek review of the lower court's ruling on appeal and there is no evidence that relief on appeal would be inadequate. *Yellowstone Elec. Co. v. Mont. Seventh Judicial Dist. Court* No. OP 19-0348, 397 Mont. 552, 449 P.3d 787 (table) (Aug. 6, 2019).

4

DEQ points out that in its petition, Volkswagen's only argument in support of this Court taking supervisory control under M. R. App. P. 14(3) is that it will have to litigate, and eventually appeal, claims Volkswagen believes the District Court should have dismissed. We do not find these grounds adequate to take up the writ Volkswagen seeks. Although Volkswagen has failed to demonstrate that supervisory control is appropriate in this matter, it may raise these issues on appeal if it ultimately finds it necessary to do so.

IT IS THEREFORE ORDERED that Volkswagen's Petition for a Writ of Supervisory Control is DENIED.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioner, all counsel of record in the First Judicial District Court, Lewis and Clark County, Cause No. DDV-2016-1045, and the Honorable James P. Reynolds, presiding.

DATED this 25 day of August, 2020.

_____
Chief Justice

_____
_____
_____
_____
Justices