ORIGINAL

FILED

06/01/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0257

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 21-0257

THOMAS A. PRATT, Individually and as a
Member of the PRATT RANCH, LLC, a Montana
limited liability company; THOMAS A. PRATT
and HYUN J. KIM, as Members of PRATT
COMMERCIAL PROPERTY, LLC, a Montana
limited liability company; PRATT RANCH, LLC,
a Montana limited liability company,

Petitioners,

v.

MONTANA THIRTEENTH JUDICIAL
DISTRICT COURT, YELLOWSTONE
COUNTY, HON. GREGORY R. TODD,
Presiding Judge,

Respondent.

FILED

JUN 0 1 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Petitioners (hereinafter "Pratt"), through counsel, seek a writ of supervisory control over the Thirteenth Judicial District Court, Yellowstone County, in Cause No. DV-19-1506. Pratt alleges the District Court made several erroneous rulings for which this Court should take supervisory control. These rulings include: the court's February 26, 2021 Order Issuing Sanctions Against Defendant Under M. R. Civ. P. 37, in which the District Court ordered sanctions against Thomas A. Pratt; the court's March 5, 2021 Order for Partial Release of Information After In Camera Inspection, in which the District Court determined not to provide certain documents Pratt requested in discovery; and the District Court's appointment of Martin R. Connell as a Special Master pursuant to M. R. Civ. P. 53.

Supervisory control is an extraordinary remedy that may be invoked when the case involves purely legal questions and urgent or emergency factors make the normal appeal

process inadequate. M. R. App. P. 14(3). The case must meet one of three additional criteria: (a) the other court is proceeding under a mistake of law and is causing a gross injustice; (b) constitutional issues of state-wide importance are involved; or (c) the other court has granted or denied a motion for substitution of a judge in a criminal case. M. R. App. P. 14(3)(a)-(c). Whether supervisory control is appropriate is a case-by-case decision. *Stokes v. Mont. Thirteenth Judicial Dist. Court*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754 (citations omitted). "[A] writ of supervisory control is not to be used as a means to circumvent the appeal process. Only in the most extenuating circumstances will such a writ be granted." *State ex rel. Ward v. Schmall*, 190 Mont. 1, 617 P.2d 140 (1980).

The first two errors alleged by Pratt involve discovery matters. Interlocutory orders pertaining to discovery are generally not reviewable in an original proceeding. *Hegwood v. Mont. Fourth Judicial Dist. Court*, 2003 MT 200, ¶ 6, 317 Mont. 30, 75 P.3d 308. This Court emphasized its consistent reluctance to review discovery rulings through supervisory control in *Mont. State Univ.-Bozeman v. Mont First Judicial Dist. Court*, 2018 MT 220, ¶ 17 n.12, 392 Mont. 458, 426 P.3d 541:

> In granting this petition, we reiterate that pretrial discovery disputes are typically not appropriate for exercise of supervisory control. It is not our place "to micromanage discovery or perform exhaustive document review on supervisory control." *BNSF Ry. Co. v. Mont. Eighth Judicial Dist. Court*, No. OP 11-0114, Or., 2011 Mont. LEXIS 285 (Mont. March 17, 2011). We will nonetheless sparingly exercise supervisory control over interlocutory discovery matters when required under truly extraordinary circumstances where the lower court is proceeding under a demonstrable mistake of law and the failure to do so "will place a party at a significant disadvantage in litigating the merits of the case." *Hegwood v. Mont. Fourth Judicial Dist. Court*, 2003 MT 200, ¶ 6, 317 Mont. 30, 75 P.3d 308 (citing State ex rel. Burlington N. R.R. v. Mont. Eighth Judicial Dist. Court, 239 Mont. 207, 212, 779 P.2d 885, 889 (1989)).

Regarding the District Court's sanctions order, Pratt asserts:

There are no Montana cases that support an order for sanctions which amount to a de facto judgment against a party when the transgression is excusable

2

and not dilatory, when the other party did not request the information through discovery nor file a motion to compel, when there is no evidence of prejudice to the other party in the record, when there is no trial date or scheduling order, when the party did not know he was to produce the information, and when, after discovering he needed to produce information, has worked diligently to produce it. Those are the facts of this case.

Although Pratt asserts these are "facts," the sanctions order makes clear that Pratt's assertions of "fact" are not undisputed. With facts clearly in dispute, this issue is not susceptible to supervisory control. M. R. App. P. 14(3).

As to the documents the court determined not to provide after in camera review, Pratt argues that the District Court erred because it found the documents irrelevant and that the court only had the authority to retain documents subject to privilege. Pratt asserts these documents are "directly relevant to all of [his] counterclaims[.]"

We have held that review on a petition for writ of supervisory control is appropriate where the lower court compelled discovery of potentially privileged material, as its disclosure, if erroneous, would make the normal appeal process inadequate. *Am. Zurich Ins. Co. v. Mont. Thirteenth Judicial Dist. Court*, 2012 MT 61, ¶¶ 6-7, 364 Mont. 299, 280 P.3d 240. However, in this instance, if the District Court erred in failing to require disclosure of documents that should have been disclosed, that may be remedied on appeal. Moreover, Pratt's assertion that the documents are "directly relevant" is insufficient to demonstrate "truly extraordinary circumstances where the lower court is proceeding under a demonstrable mistake of law and the failure to do so will place a party at a significant disadvantage in litigating the merits of the case." *Mont. State Univ.-Bozeman*, ¶ 17 n.12 (citation and internal quotation omitted).

As to Pratt's contention that the District Court erred in its appointment of Martin R. Connell as Special Master in this case, he argues that this Court should accept supervisory control "[i]n light of judicial economy and the unavoidable procedural entanglements that will occur" if this matter is allowed to proceed with the involvement of this Special Master. This Court has held that conserving resources, without more, is insufficient grounds to

3

justify supervisory control where a party can seek review of the lower court's ruling on appeal and there is no evidence that relief on appeal would be inadequate. *Yellowstone Elec. Co. v. Mont. Seventh Judicial Dist. Court*, No. OP-19-0348, 397 Mont. 552, 449 P.3d 787 (table) (Aug. 6, 2019). In this instance, Pratt's assertions of "judicial economy" and "procedural entanglements" do not demonstrate that his remedy on appeal would be inadequate.

IT IS THEREFORE ORDERED that this Petition for a Writ of Supervisory Control is DENIED.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioner, all counsel of record in the Thirteenth Judicial District Court, Yellowstone County, Cause No. DV 19-1506, and the Honorable Gregory R. Todd, Presiding Judge.

DATED this 1ˢᵗ day of June, 2021.

_____
Chief Justice

_____

_____

_____

_____
Justices

4