FILED

11/02/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0472

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0472
_____

MARK JOHNSON and MOLLY JOHNSON, et al.,

Petitioners,

v.

MONTANA ELEVENTH JUDICIAL DISTRICT COURT, The Honorable Dan Wilson, presiding,

Respondent.

_____

FILED

NOV 02 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

By petition filed September 15, 2021, Mark and Molly Johnson (Johnsons) petition this Court for exercise of supervisory control in the underlying matter of *Johnson v. State Farm Mut. Auto. Ins. Co., et al.*, Cause No. DV-15-2019-934, Montana Eleventh Judicial District Court, Flathead County. Johnsons seek extraordinary review of the District Court's May 24, 2021, judgment granting the motion of State Farm Mut. Auto. Ins. Co., et al. (State Farm) to dismiss their first amended complaint, and August 20, 2021, judgment denying their motion to file a second amended complaint. They assert that the court erroneously concluded that their asserted individual and class claims based on alleged violation of the Montana insurance subrogation "made whole" doctrine are non-justiciable due to cited pleading deficiencies, and that it further erred in denying their June 2021 motion for leave to file a second amended complaint on similar grounds. Johnsons assert that the District Court also erroneously concluded that their related common law conversion claim against State Farm is precluded as a matter of law by § 33-18-242(3), MCA (Montana Unfair Trade Practices Act limitation of first-party insurance claims handling related claims (UTPA)). They assert that exercise of supervisory control is thus warranted pursuant to M. R. App. P. 14(3)(a).[1] State Farm counters that supervisory

_____

[1] On those same grounds, they further petition this Court to stay further district court proceedings pending disposition of their petition pursuant to M. R. App. P. 14(7)(c).

control is not warranted because Johnsons have neither demonstrated that the District Court is proceeding under a mistake of law, nor that extraordinary review is necessary to remedy a gross injustice for which ordinary appeal will be inadequate.

We have "general supervisory control over all other" Montana courts. Mont. Const. art. VII, § 2(2). We generally exercise this control by discretionary writ under extraordinary circumstances including, *inter alia*, where a lower court is proceeding under a mistake of law which, if left uncorrected prior to final judgment, will result in a gross injustice for which ordinary appeal will be an inadequate remedy. M. R. App. P. 14(3); *Park v. Mont. Sixth Judicial Dist. Ct.*, 1998 MT 164, ¶ 13, 289 Mont. 367, 961 P.2d 1267. Judicial economy and avoidance of inevitable procedural entanglements may sometimes be appropriate reasons for exercise of supervisory control, such as where the subject ruling will dramatically affect the cost and scope of trial preparation and presentation or significantly alter the dynamic of settlement negotiations. *See Stokes v. Mont. Thirteenth Judicial Dist. Ct.*, 2011 MT 182, ¶¶ 6-8, 361 Mont. 279, 259 P.3d 754; *Truman v. Mont. Eleventh Judicial Dist. Ct.*, 2003 MT 91, ¶ 15, 315 Mont. 165, 68 P.3d 654; *Plumb v. Mont. Fourth Judicial Dist. Ct.*, 279 Mont. 363, 370, 927 P.2d 1011, 1015-16 (1996) (superseded by statute on other grounds). However, we cannot and will not allow supervisory control to substitute for ordinary appeal at the convenience of the parties—we will generally utilize it "[o]nly in the most extenuating circumstances." *State ex rel. Ward v. Schmall*, 190 Mont. 1, 4, 617 P.2d 140, 141 (1980).

Here, in pertinent essence, Johnsons' first amended complaint and petition for supervisory control manifest the following factual allegations in support of various individual and class made-whole violation claims against State Farm: (1) that Johnsons incurred substantial bodily injury and property loss in an automobile accident caused by a third-party tortfeasor; (2) the tortfeasor had certain bodily injury (BI), medical payment (med-pay), and property loss coverage under an automobile liability insurance policy provided by GEICO Indem. Co. (GEICO); (3) Johnsons had certain first-party med-pay, property loss, and underinsured motorist (UIM) coverage under a State Farm automobile

insurance policy; (4) with Johnson's third-party BI and med-pay claims still outstanding, State Farm paid them for all claimed property loss except for 10 music compact discs (CDs) of unspecified value, a second set of snow tires (that were not damaged in the accident) of unspecified value, and related attorney fees (one-third of their values) incurred or to be incurred in recovering compensation for those property losses from the third-party tortfeasor/GEICO; and (5) upon compensating them for those property losses, State Farm preliminarily asserted its right to subrogation for that amount against any amount recoverable by Johnsons from the third-party tortfeasor/GEICO for those same losses.[2]

On State Farm's M. R. Civ. P. 12(b) motion, the District Court dismissed Johnsons' asserted made-whole doctrine based claims as prematurely unripe, and thus unjusticiable. The court concluded that Johnsons' first amended complaint failed to allege sufficient facts that, if taken as true, would support their central legal claim (that State Farm's assertion of the right to subrogate regarding previously paid property loss compensation in fact "violated" the made-whole doctrine) because they had not yet obtained compensation for those and other outstanding losses from the third-party tortfeasor/GEICO and, in any event, would be unable to recover the related attorney fees from them as a matter of law.[3] The court noted that the first amended complaint did *not* factually allege that State Farm asserted its subrogation right for anything other than the property loss compensation previously paid to Johnsons, that Johnsons had incurred any particular amount of loss for the claimed CDs and snow tires, that they would not ultimately be able to recover compensation from the tortfeasor/GEICO for the loss of those items in any event, and that the third-party tortfeasor's liability coverage and their own UIM coverage would not be sufficient to compensate them for the amount they would ultimately be entitled to recover

---

[2] As pled, Johnsons' asserted class action claims depend, *inter alia*, on the viability of their asserted individual claims in relation to them as the asserted putative class representatives.

[3] *See Mt. W. Farm Bureau Mut. Ins. Co. v. Brewer*, 2003 MT 98, ¶¶ 38-41, 315 Mont. 231, 69 P.3d 652.

on their BI claim. Citing *Van Orden v. United Servs. Auto. Ass'n*, 2014 MT 45, 374 Mont. 62, 318 P.3d 1042, the court reasoned further that Johnson's inability to recover related attorney fees from the tortfeasor/GEICO did not trigger the made-whole doctrine because State Farm's asserted right to subrogate its previously paid property loss compensation would not limit or reduce the amount of their recovery of attorney fees from the tortfeasor/GEICO because they had no such right. As to the claim that the made-whole doctrine was also triggered by the extent of Johnsons' BI claim in relation to the limited amounts of the third-party tortfeasor's liability coverage and their own UIM coverage, the court reasoned that the first amended complaint did not allege sufficient facts that, if taken as true, would establish that the extent of the ultimate BI claim compensation would in fact exceed the aggregate of the tortfeasor's liability coverage and their UIM coverage.

Whether under the facts alleged in their first amended complaint, or in their proposed second amended complaint, Johnsons have not demonstrated here how State Farm's mere *preliminary assertion* of the *future right* to subrogation for the property loss compensation it previously paid to Johnsons has already reduced, or necessarily will reduce, the amount of compensation that they will ultimately be entitled to recover for any element of damages from the third-party tortfeasor/GEICO and/or under their own UIM coverage. *See Van Orden*, ¶¶ 21-25 (distinguishing application of made-whole doctrine to circumstances where "a settlement or judgment does not allocate payment for separate elements of loss under discrete portions of a policy for which a premium separately has been paid" but not when the "damages are discrete, readily-ascertainable, and completely covered under a separate policy or portion of the policy for which a separate premium has been paid").[4] Nor have Johnsons met their burden of showing that the court erroneously dismissed their related common law conversion claim (predicated on the same alleged

---

[4] Rather than the grafting of a new "causation element" onto our test for unripeness-based justiciability as asserted by Johnsons, this aspect of the District Court's judgment of dismissal is manifestly based on application of the made-whole doctrine to their well-pled and proposed complaint allegations of fact.

4

"violation" of the made-whole doctrine) pursuant to § 33-18-242(3), MCA (UTPA limitation of first-party insurance claims handling related claims), or how their inability to package and prosecute their made-whole doctrine violation theory as an independent tort claim will to any extent prejudicially affect the ultimate application of the doctrine to facts and circumstances at issue below. Based on our review of the limited record presented here, Johnsons have neither met their burden under M. R. App. P. 14(3) of demonstrating that the District Court erroneously dismissed their made-whole related individual and class claims as unripe, and thus currently unjusticiable. Nor have they demonstrated how extraordinary preliminary review is necessary to avoid a gross injustice for which ordinary appeal upon final judgment will be inadequate.

IT IS THEREFORE ORDERED that Johnsons' Petition for a Writ of Supervisory Control, filed September 15, 2021, is DENIED and DISMISSED.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioner, all counsel of record in the matter of *Johnson v. State Farm Mut. Auto. Ins. Co.*, *et al.*, Cause No. DV-15-2019-934, Montana Eleventh Judicial District Court, Flathead County, and the Honorable Dan Wilson, presiding.

DATED this 2nd day of November, 2021.

_____
Chief Justice

_____

_____

_____

_____
Justices

5