

**FILED**

01/04/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0655

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 21-0655

WESTMORELAND ROSEBUD MINING LLC,
f/k/a WESTERN ENERGY CO., NATURAL
RESOURCE PARTNERS, L.P.,
INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 400, and NORTHERN
CHEYENNE COAL MINERS ASSOCIATION,

Petitioners and Intervenors,

v.

MONTANA SIXTEENTH JUDICIAL DISTRICT
COURT, ROSEBUD COUNTY, HONORABLE
KATHERINE M. BIDEGARAY,

Respondent.

**FILED**

JAN 0 4 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

**O R D E R**

Petitioners seek a writ of supervisory control directing the Sixteenth Judicial District Court, Rosebud County, to vacate its October 28, 2021 Order on Petition in its Cause No. DV-19-34. In that Order, the District Court reversed a decision of the Montana Board of Environmental Review that approved the AM4 permit expanding the Rosebud Mine. The Order on Petition further remanded the matter to the Montana Department of Environmental Quality with directions for the Department to review the AM4 permit application consistent with the court's rulings and the applicable laws. Petitioners allege that the court's decision was erroneous and if not corrected will cause gross injustice.

Supervisory control is an extraordinary remedy that is sometimes justified when urgency or emergency factors exist making the normal appeal process inadequate, when the case involves purely legal questions, and when the other court is proceeding under a mistake of law and is causing a gross injustice, constitutional issues of state-wide importance are involved, or, in a criminal case, the other court has granted or denied a

motion to substitute a judge. M. R. App. P. 14(3). Whether supervisory control is appropriate is a case-by-case decision. *Stokes v. Mont. Thirteenth Judicial Dist. Court*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754 (citations omitted). Consistent with Rule 14(3), it is the Court's practice to refrain from exercising supervisory control when the petitioner has an adequate remedy of appeal. *E.g., Buckles v. Seventh Judicial Dist. Court*, No. OP 16-0517, 386 Mont. 393, 386 P.3d 545 (table) (Oct. 18, 2016); *Lichte v. Mont. Eighteenth Judicial Dist. Court*, No. OP 16-0482, 385 Mont. 540, 382 P.3d 868 (table) (Aug. 24, 2016).

Here, Petitioners assert that the District Court is proceeding under multiple mistakes of law, and its rulings are causing a gross injustice that warrants supervisory control by this Court. Petitioners identify five rulings the District Court made in the Order on Petition that Petitioners assert are erroneous. However, Rule 14(3) requires that urgency or emergency factors exist that make the normal appeal process inadequate. Petitioners have a pending motion to stay the Order on Petition in the District Court and if denied by the District Court, M. R. App. P. 22(2) provides an avenue for Petitioners to seek review of that denial. Moreover, "a writ of supervisory control is not to be used as a means to circumvent the appeal process. Only in the most extenuating circumstances will such a writ be granted." *State ex rel. Ward v. Schmall*, 190 Mont. 1, 617 P.2d 140 (1980). Here, Petitioners offer no explanation as to why they seek supervisory control rather than simply appealing from the District Court's Order—or seeking certification of the Order on Petition under M. R. Civ. P. 54(b) if necessary.

As such, Petitioners have not demonstrated that this case is appropriate for this Court to take supervisory control.

IT IS THEREFORE ORDERED that the petition for writ of supervisory control is DENIED and DISMISSED.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioner, all counsel of record in the Sixteenth Judicial District Court, Rosebud County, Cause No. DV-19-34, and the Honorable Katherine M. Bidegaray, presiding Judge.

2

DATED this 4th day of January, 2022.

_____

_____

_____

_____

_____
Justices

3