

FILED

02/08/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0053

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0053

GIDEON KNOX, LLC, JORDAN HALL,

Petitioners,

v.

MONTANA SEVENTH JUDICIAL DISTRICT
COURT, RICHLAND COUNTY, THE
HONORABLE ELIZABETH A. BEST, Presiding
Judge,

Respondent.

FILED

FEB 08 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Petitioners Gideon Knox, LLC, and Jordan Hall (collectively "Knox") seek a writ of supervisory control directing the Seventh Judicial District Court, Richland County, to reverse its January 25, 2022 Order Denying Defendant's Motion for Summary Judgment and Granting Plaintiff's Motion for Partial Summary Judgment in Cause No. DV-21-062. In that Order, the District Court ruled that negligence is the appropriate standard of liability to be applied in the underlying defamation case because the court determined that Plaintiff Adrian Jawort was not a limited-purpose public figure.

Supervisory control is an extraordinary remedy that is sometimes justified when urgency or emergency factors exist making the normal appeal process inadequate, when the case involves purely legal questions, and when the other court is proceeding under a mistake of law and is causing a gross injustice, constitutional issues of state-wide importance are involved, or, in a criminal case, the other court has granted or denied a motion to substitute a judge. M. R. App. P. 14(3). Whether supervisory control is appropriate is a case-by-case decision. *Stokes v. Mont. Thirteenth Judicial Dist. Court*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754 (citations omitted). Consistent with Rule 14(3), it is the Court's practice to refrain from exercising supervisory control when

the petitioner has an adequate remedy of appeal. *E.g., Buckles v. Seventh Judicial Dist. Court*, No. OP 16-0517, 386 Mont. 393, 386 P.3d 545 (table) (Oct. 18, 2016); *Lichte v. Mont. Eighteenth Judicial Dist. Court*, No. OP 16-0482, 385 Mont. 540, 382 P.3d 868 (table) (Aug. 24, 2016).

Knox asserts that the District Court's ruling that Jawort is not a limited-purpose public figure is a mistake of law, and that this ruling is causing a gross injustice. Knox argues that if this ruling is allowed to stand, this case will proceed to trial under the wrong standard of proof. For this matter to be susceptible to supervisory control, Rule 14(3) also requires that urgency or emergency factors exist that make the normal appeal process inadequate. Knox alleges that this requirement is met because reversal of the District Court's order will allow it to avoid trial entirely, and an appeal after a trial that "should never occur" cannot remedy the harm of forcing him to participate in a trial.

"[A] writ of supervisory control is not to be used as a means to circumvent the appeal process. Only in the most extenuating circumstances will such a writ be granted." *State ex rel. Ward v. Schmall*, 190 Mont. 1, 617 P.2d 140 (1980). M. R. App. P. 6(5)(b) specifies that orders denying motions for summary judgment, denying motions to dismiss, or granting motions for partial summary judgment are not immediately appealable, but those rulings may ultimately be reviewed on an appeal from a final judgment under M. R. App. P. 6(1). Although Knox asserts that this Court should take supervisory control because it should not have to participate in a trial, we have repeatedly held that conserving resources, without more, is insufficient grounds to justify supervisory control where a party can seek review of the lower court's ruling on appeal and there is no evidence that relief on appeal would be inadequate. *Yellowstone Elec. Co. v. Mont. Seventh Judicial Dist. Court*, No. OP 19-0348, 397 Mont. 552, 449 P.3d 787 (table) (Aug. 6, 2019); *Holloron v. Mineral Cty. Justice Court*, No. OP 21-0245, 404 Mont. 555, 489 P.3d 884 (table) (June 1, 2021); *Simpkins-Hallin, Inc. v. Mont. Eighteenth Judicial Dist. Court*, OP 21-0399, 405 Mont. 538, 495 P.3d 422 (Aug. 17, 2021). Knox is incorrect that an appeal provides inadequate relief. If participation in a trial constituted an irreparable harm,

Rule 6(5)(b) would not include denials of motions to dismiss as a type of order not immediately appealable.

Knox has not demonstrated that this case is appropriate for supervisory control.

IT IS THEREFORE ORDERED that the petition for writ of supervisory control is DENIED and DISMISSED.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioner, all counsel of record in the Seventh Judicial District Court, Richland County, Cause No. DV-21-062, and the Honorable Elizabeth A. Best, presiding Judge.

DATED this 8th day of February, 2022.

_____
Chief Justice

_____

_____

_____

_____
Justices

3