80-165

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

STATE OF MONTANA ex rel.,
ROBIN DeWAYNE WARD,

Petitioner,

vs.

NORMA A. SCHMALL, Justice
of the Peace for Gallatin
County, Montana,

Respondent.

---

Appeal from:  District Court of the *Eighteenth* ~~Thirteenth~~ Judicial District,
In and for the County of Gallatin.
Honorable Joseph Gary, Judge presiding.

Counsel of Record:

For Petitioner:

Goetz and Madden, Bozeman, Montana
James Goetz argued, Bozeman, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Dennis Dunphy argued, Assistant Attorney General,
Helena, Montana
Donald White, County Attorney, Bozeman, Montana
Michael Lilly argued, Deputy County Attorney, Bozeman,
Montana

---

Submitted:  September 8, 1980

Decided:  SEP 30 1980

Filed:  SEP 30 1980

*Thomas J. Kearney*
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a final civil judgment of the Gallatin County District Court.

This case originated as a criminal cause in the Justice of the Peace Court of Norma Schmall. Relator, Robin DeWayne Ward, was arrested on March 31, 1979, for driving while intoxicated. Ward refused to take a chemical test and initiated a constitutional challenge to section 61-8-404(2), MCA, which automatically approves the admission into evidence of the fact that a defendant refused to submit to a chemical examination. Ward filed a civil petition in the District Court for a writ of supervisory control, writ of habeas corpus, or other appropriate writ. Ward argued that because of the constitutional questions involved, a non-lawyer justice of the peace would be ill-equipped to deal with the constitutional aspects of his case. The petition that the District Court superintend was accompanied by a request that the District Court stay the Justice of the Peace Court criminal proceedings pending disposition of the civil constitutional question by the District Court.

The State initially resisted the civil petition for original relief in the District Court. However, it withdrew its opposition after consideration of this Court's decisions in Bailey v. State (1974), 163 Mont. 380, 517 P.2d 708, and Forsythe v. Wenholz (1976), 170 Mont. 496, 554 P.2d 1333. In a brief filed on July 17, 1979, the State expressly conceded that the District Court had jurisdiction to grant a writ of supervisory control in cases such as this.

The District Court granted the petition, stayed the Justice of the Peace Court proceedings, and heard the writ

on the merits. On April 11, 1980, the District Court ruled against Ward. He now appeals the District Court judgment.

Relator Ward presents three issues for this Court's review:

1. Whether a state District Court has jurisdiction to grant writs of supervisory control over Justice of the Peace Courts.

2. Whether section 61-8-404(2), MCA, allowing evidence of refusal to submit to a breathalyzer test upon arrest for driving while intoxicated, is a violation of the Fifth Amendment protection against self-incrimination.

3. Whether it is a violation of a defendant's due process rights if police officers do not inform him that the fact of his refusal to submit to a breathalyzer test will be used against him at trial.

With regard to relator's first issue, we are guided by 1972 Mont. Const., Art. VII, §2. That constitutional provision expressly grants this Court the power to exercise supervisory jurisdiction over all other courts in this state. Absent a constitutional provision or statute bestowing upon the District Courts the authority to grant writs of supervisory control over Justice of the Peace Courts, we are obligated to infer that District Courts do not have such power. To the extent that our decisions in Bailey and Forsythe, supra, lend tolerant approval to the District Court's exercise of supervisory power, they are expressly overruled.

Ward has requested that in the event we do not find that the District Court has jurisdiction, we convert his appeal to a writ of supervisory control so that this Court may superintend the District Court below. We conclude, as

we did in State ex rel. Kober & Kyriss v. District Court (1966), 147 Mont. 116, 410 P.2d 945, that a writ of supervisory control is not to be used as a means to circumvent the appeal process. Only in the most extenuating circumstances will such a writ be granted. In this cause, no such circumstances exist.

The request for a supervisory writ is denied. The cause is remanded to the Justice of the Peace Court for proceedings on the merits.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices