

FILED

04/29/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0218

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 20-0218

PATRICK SANDIDGE,

      Petitioner,

v.

MONTANA FIRST JUDICIAL DISTRICT COURT,
Lewis and Clark County, HONORABLE KATHY
SEELEY, Presiding,

      Respondent.

FILED

APR 2 9 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Petitioner Patrick Sandidge seeks a writ of supervisory control reversing the March 26, 2020, judgment of the Montana First Judicial District Court, Lewis and Clark County, Cause No. CDV-2019-13, denying his M. R. Civ. P. Rule 12(b)(6) motion to dismiss the declaratory judgment claim of the underlying plaintiff-motor vehicle liability insurer, Depositors Insurance Company (Insurer), due to lack of standing. The Insurer, and its insured tortfeasor, asserted a claim against Sandige for judgment declaring the extent of the Insurer's continued duty to advance medical pay and lost wages to him beyond the $89,983.95 previously advanced pursuant to *Ridley v. Guaranty Nat'l Ins. Co.*, 286 Mont. 325, 951 P.2d 987 (1997), and progeny. *Inter alia*, the court effectively concluded that the Insurer appeared to have standing to assert the claim but, pursuant to Rule 12(b)(6), converted the motion to a Rule 56 motion for summary judgment for further proceedings upon limited discovery practice based on the extrinsic facts referenced in support of the motion.

Supervisory control is an extraordinary remedy justified in our discretion only when urgency or emergency factors make the normal appeal process inadequate, purely legal questions are involved, and, as pertinent here, the issue implicates constitutional issues of state-wide concern or the lower court is proceeding under a mistake of law causing a gross injustice. M. R. App. P. 14(3). We will not exercise supervisory control as a substitute for

ordinary appeal when adequate—we generally utilize it "[o]nly in the most extenuating circumstances." *State ex rel. Ward v. Schmall*, 190 Mont. 1, 617 P.2d 140 (1980).

Here, Sandidge alleges that supervisory control is warranted because converting his Rule 12(b)(6) motion to a Rule 56 motion and subjecting him to limited discovery practice "will create a gross injustice" in the form of "unnecessary litigation . . . [and] exacerbated . . . financial burden" that appeal cannot remedy. However, no issues of statewide constitutional concern are at issue here. Sandidge's petition is further facially insufficient to demonstrate that the District Court is laboring under an error of law causing manifest injustice or that ordinary appeal will be an inadequate remedy under the circumstances. In that regard, we note that supplemental relief to the prevailing party is available from the district court as a discretionary matter under the Uniform Declaratory Judgment Act when necessary or proper upon demonstrated cause. *See* 27-8-313, MCA.

IT IS THEREFORE ORDERED that the Petition for a Writ of Supervisory Control is DENIED and DISMISSED.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioner, all counsel of record in the First Judicial District Court, Lewis and Clark County, Cause No. CDV-2019-13, and the Honorable Kathy Seeley, presiding.

DATED this 29th day of April, 2020.

Justices

2