

FILED

09/09/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0425

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### OP 20-0425

VALERIE CADY n/k/a VALERIE LAFOND,
RUSSELL LAFOND, and MERILEE LAFOND,

      Petitioners,

v.

MONTANA TENTH JUDICIAL DISTRICT,
FERGUS COUNTY, HONORABLE JOHN A.
OLDENBURG,

      Respondent.

FILED

SEP 0 9 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Petitioners Valerie Cady n/k/a Valerie LaFond, Russell LaFond, and Merilee LaFond (LaFonds) seek a writ of supervisory control directing the Tenth Judicial District Court, Fergus County, to vacate its July 30, 2020 Order on Pending Motions in its Cause No. DV-14-2017-61. In that Order, among other rulings, the District Court denied Plaintiffs LaFonds' motion to dismiss the counterclaim of DP Construction, Inc., the Defendant in the underlying matter. In denying LaFonds' motion to dismiss, the District Court found unpersuasive LaFonds' argument that a construction lien filed in the name of DP Construction, Inc., must be dismissed because the entity did not exist at the time the lien was filed. The court noted that it had ruled upon that issue in Defendant's favor in an earlier order, stating that LaFonds' attempt to resurrect the issue via a motion to dismiss was "simply a second bite of the apple[.]" The court further ruled, "It shall be the law of this case that the Construction Lien dated April 26, 2017 is a valid lien and the Defendant may pursue his remedies thereunder."

Supervisory control is an extraordinary remedy that is sometimes justified when urgency or emergency factors make the normal appeal process inadequate, the case involves purely legal questions, and one or more of the three following circumstances exist;

the other court is proceeding under a mistake of law and is causing a gross injustice, constitutional issues of state-wide importance are involved, or the other court has granted or denied a motion for substitution of a judge in a criminal case. M. R. App. P. 14(3). Consistent with Rule 14(3), it is the Court's practice to refrain from exercising supervisory control when the petitioner has an adequate remedy of appeal. *E.g., Buckles v. Seventh Jud. Dist. Ct.*, No. OP 16-0517, 386 Mont. 393, 386 P.3d 545 (table) (Oct. 18, 2016); *Lichte v. Mont. Eighteenth Judicial Dist. Court*, No. OP 16-0482, 385 Mont. 540, 382 P.3d 868 (table) (Aug. 24, 2016). "[A] writ of supervisory control is not to be used as a means to circumvent the appeal process. Only in the most extenuating circumstances will such a writ be granted." *State ex rel. Ward v. Schmall*, 190 Mont. 1, 617 P.2d 140 (1980).

LaFonds allege that supervisory control is necessary in this case because allowing the case to proceed under the District Court's ruling will preclude them "from raising yet undetermined facts which are elements of the proof required for a construction lien at mediation or trial." They argue that the District Court's ruling on the validity of the construction lien was premature; however, it was LaFonds themselves who moved the District Court to declare it invalid. LaFonds do not explain why this issue cannot be addressed on appeal. As such, this matter is not appropriate for supervisory control.

IT IS THEREFORE ORDERED that the Petition for a Writ of Supervisory Control is DENIED and DISMISSED.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioners, all counsel of record in the Tenth Judicial District Court, Fergus County, Cause No. DV-14-2017-61, and the Honorable John A. Oldenburg, presiding.

DATED this 9th day of September, 2020.

_____
Chief Justice

_____

2

_____

_____

_____
Justices