

FILED

06/01/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0245

## IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0245

BRANDON HOLLORON,

Petitioner,

v.

MINERAL COUNTY JUSTICE COURT, HON.
DALE MAGONE, Justice of the Peace, Presiding,

Respondent.

FILED

JUN 0 1 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Petitioner Brandon Holloron, via counsel, seeks a writ of supervisory control over the Mineral County Justice Court to vacate its July 30, 2020 Order on Pending Motions in its Case No. TK-595-2020-0000907.

Supervisory control is an extraordinary remedy that is sometimes justified when urgency or emergency factors make the normal appeal process inadequate, the case involves purely legal questions, and one or more of the three following circumstances exist; the other court is proceeding under a mistake of law and is causing a gross injustice, constitutional issues of state-wide importance are involved, or the other court has granted or denied a motion for substitution of a judge in a criminal case. M. R. App. P. 14(3). Consistent with Rule 14(3), it is the Court's practice to refrain from exercising supervisory control when the petitioner has an adequate remedy of appeal. *E.g., Buckles v. Seventh Jud. Dist. Ct.*, No. OP 16-0517, 386 Mont. 393, 386 P.3d 545 (table) (Oct. 18, 2016); *Lichte v. Mont. Eighteenth Judicial Dist. Court*, No. OP 16-0482, 385 Mont. 540, 382 P.3d 868 (table) (Aug. 24, 2016). "[A] writ of supervisory control is not to be used as a means to circumvent the appeal process. Only in the most extenuating circumstances will such a writ be granted." *State ex rel. Ward v. Schmall*, 190 Mont. 1, 617 P.2d 140 (1980).

Holloron alleges that actions of the Municipal Court prevent him from obtaining a fair trial on the criminal charges he faces. He alleges the court and the prosecutor are working in concert to deny him a fair trial and he further alleges that the court has made erroneous pretrial evidentiary rulings. Holloron acknowledges that, should he not prevail in this matter, he will be entitled to trial de novo in the District Court. However, he argues that this Court should exert supervisory control because he may suffer a gross injustice and be required to bear the expense of a trial in the District Court.

As set forth above, supervisory control is an extraordinary remedy. It is not to be used as a means to circumvent the appeal process. In this instance, the normal appeal process available to Holloron includes trial de novo in the District Court and he therefore does not lack for adequate remedy via the normal appeal process. This Court has held that conserving resources, without more, is insufficient grounds to justify supervisory control where a party can seek review of the lower court's ruling on appeal and there is no evidence that relief on appeal would be inadequate. *Yellowstone Elec. Co. v. Mont. Seventh Judicial Dist. Court*, No. OP-19-0348, 397 Mont. 552, 449 P.3d 787 (table) (Aug. 6, 2019). In this instance, Holloron has not demonstrated that his remedy on appeal would be inadequate.

IT IS THEREFORE ORDERED that the Petition for a Writ of Supervisory Control is DENIED and DISMISSED.

The Clerk is directed to provide immediate notice of this Order to all counsel of record in the Mineral County Justice Court Case No. TK-595-2020-0000907, and the Honorable Dale Magone, presiding.

DATED this 1st day of June, 2021.

_____
Chief Justice

_____

_____

_____

_____
Justices