

FILED

07/20/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0334

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0334

FILED

JUL 20 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

THOMAS WINTER AND BARBARA
BESSETTE,

Petitioners,

v.

ORDER

MONTANA FIRST JUDICIAL DISTRICT
COURT, LEWIS AND CLARK COUNTY,
THE HONORABLE MICHAEL F. MCMAHON,
PRESIDING JUDGE,

Respondent.

Petitioners Thomas Winter and Barbara Bessette seek a writ of supervisory control directing the First Judicial District Court, Lewis and Clark County, to vacate its July 2, 2021 Order denying their motion for a temporary restraining order in its Cause No. ADV-2021-699.

Supervisory control is an extraordinary remedy that is sometimes justified when urgency or emergency factors make the normal appeal process inadequate, the case involves purely legal questions, and one or more of the three following circumstances exist; the other court is proceeding under a mistake of law and is causing a gross injustice, constitutional issues of state-wide importance are involved, or the other court has granted or denied a motion for substitution of a judge in a criminal case. M. R. App. P. 14(3). Consistent with Rule 14(3), it is the Court's practice to refrain from exercising supervisory control when the petitioner has an adequate remedy of appeal. *E.g., Buckles v. Seventh Jud. Dist. Ct.*, No. OP 16-0517, 386 Mont. 393, 386 P.3d 545 (table) (Oct. 18, 2016); *Lichte v. Mont. Eighteenth Judicial Dist. Court*, No. OP 16-0482, 385 Mont. 540, 382 P.3d 868 (table) (Aug. 24, 2016). "[A] writ of supervisory control is not to be used as a means to

circumvent the appeal process. Only in the most extenuating circumstances will such a writ be granted." *State ex rel. Ward v. Schmall*, 190 Mont. 1, 617 P.2d 140 (1980).

White and Bessette allege that supervisory control is necessary in this case because they believe Senate Bill 140, which they have challenged in their underlying Complaint for Declaratory and Injunctive Relief, is unconstitutional. They further allege that the District Court denied their motion for a temporary restraining order on July 2, 2021, and set a preliminary injunction hearing for July 15, 2021.[1] Although Petitioners assert they are challenging the District Court's denial of their motion for a temporary restraining order, their filing is devoid of discussion of that order, focusing entirely on the constitutional arguments they have raised below. Although M. R. App. P. 14(5)(b)(iv) requires that a petition for writ of supervisory control must include as an exhibit "a copy of each . . . order . . . referred to in the petition or which is necessary to make out a prima facie case or to substantiate the petition," Petitioners have failed to provide a copy of the District Court's July 2, 2021 order. As such, their filing is inadequate.

Moreover, as noted above, supervisory control is only available if there is no adequate remedy on appeal. Under M. R. App. P. 6(3)(e), an aggrieved party may appeal from an order granting or dissolving, or refusing to grant or dissolve, an injunction, provided that it is the lower court's final decision on the referenced matter. An order granting a preliminary injunction is immediately appealable, notwithstanding that the merits of the controversy remain to be determined. *Caldwell v. Sabo*, 2013 MT 240, 371 Mont. 218, 308 P.3d 81. In this case, Petitioners clearly have an adequate remedy via the normal appeal process.

IT IS THEREFORE ORDERED that the Petition for a Writ of Supervisory Control is DENIED and DISMISSED.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioners, all counsel of record in the First Judicial District Court, Lewis and Clark County, Cause No. ADV-2021-699, and the Honorable Michael F. McMahon, presiding.

---

[1] Petitioners did not request that the District Court matter be stayed pending the outcome of this Petition. We therefore assume this hearing proceeded as scheduled.

DATED this __20__ day of July, 2021.

 

 

_____
Chief Justice

_____

_____

_____

_____
Justices

3