

FILED

08/17/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0399

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0399

SIMKINS-HALLIN, INC., WESTLAND ENTERPRISES, INC., SIMGRAF CORPORATION, TOM SIMKINS, RONDA SIMKINS, BRODEY SIMKINS, KORTNI (SIMKINS) HUEBNER, BILL SIMKINS, JEFFREY SIMKINS, ROSALIE SIMKINS, RICHARD SIMKINS, SIMKINS HOLDINGS, LLC, a Montana limited liability company, and SIMKINS PROPERTIES, LLC, a Montana limited liability company,

        Petitioners,

v.

MONTANA EIGHTEENTH JUDICIAL DISTRICT COURT, GALLATIN COUNTY, THE HONORABLE BRENDA GILBERT, Presiding Judge,

        Respondent.

FILED

AUG 17 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Petitioners seek a writ of supervisory control directing the Eighteenth Judicial District Court, Gallatin County, to reverse its June 21, 2021 Order Granting Mitch Simkins Family's Motion in Limine to Exclude the Illegal Recording in its Cause No. DV-18-29B. In that Order, the District Court ruled:

> All parties and their attorneys are hereby prohibited from referring to, arguing, interrogating any witness concerning, submitting evidence regarding, commenting upon, or otherwise mentioning at trial whether during voir dire, opening statements, trial or closing arguments, the recording of the May 11, 2016 conversation made by Lindsey Manning, the Affidavit that was drafted directly from said recording, all transcripts of said recording, and any other evidence obtained as a result of said recording.

Supervisory control is an extraordinary remedy that is sometimes justified when urgency or emergency factors exist making the normal appeal process inadequate, when the case involves purely legal questions, and when the other court is proceeding under a

mistake of law and is causing a gross injustice, constitutional issues of state-wide importance are involved, or, in a criminal case, the other court has granted or denied a motion to substitute a judge. M. R. App. P. 14(3). Whether supervisory control is appropriate is a case-by-case decision. *Stokes v. Mont. Thirteenth Judicial Dist. Court*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754 (citations omitted). Consistent with Rule 14(3), it is the Court's practice to refrain from exercising supervisory control when the petitioner has an adequate remedy of appeal. *E.g., Buckles v. Seventh Judicial Dist. Court*, No. OP 16-0517, 386 Mont. 393, 386 P.3d 545 (table) (Oct. 18, 2016); *Lichte v. Mont. Eighteenth Judicial Dist. Court*, No. OP 16-0482, 385 Mont. 540, 382 P.3d 868 (table) (Aug. 24, 2016).

Here, Petitioners assert that the District Court is proceeding under a mistake of law, and its ruling is causing a gross injustice. However, Rule 14(3) also requires that urgency or emergency factors exist that make the normal appeal process inadequate. Petitioners merely allege, "A successful appeal reversing the admissibility of this evidence would require the care [sic] to be retried." Such is true for many successful appeals and does not create the need for an extraordinary remedy. "[A] writ of supervisory control is not to be used as a means to circumvent the appeal process. Only in the most extenuating circumstances will such a writ be granted." *State ex rel. Ward v. Schmall*, 190 Mont. 1, 617 P.2d 140 (1980). Although Petitioners assert that an appeal will "create unwarranted expenses and delays," this Court has repeatedly held that conserving resources, without more, is insufficient grounds to justify supervisory control where a party can seek review of the lower court's ruling on appeal and there is no evidence that relief on appeal would be inadequate. *Yellowstone Elec. Co. v. Mont. Seventh Judicial Dist. Court*, No. OP 19-0348, 397 Mont. 552, 449 P.3d 787 (table) (Aug. 6, 2019).

As such, Petitioners have not demonstrated that this case is appropriate for this Court to take supervisory control.

IT IS THEREFORE ORDERED that the petition for writ of supervisory control is DENIED and DISMISSED.

2

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioner, all counsel of record in the Eighteenth Judicial District Court, Gallatin County, Cause No. DV-18-29B, and the Honorable Brenda Gilbert, presiding Judge.

DATED this 17 day of August, 2021.

_____
Chief Justice

_____

_____

_____

_____
Justices

3