ORIGINAL

FILED

12/28/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0531

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 21-0531

LITTLE BIG WARM RANCH, LLC,

Petitioner,

v.

SEVENTEENTH JUDICIAL DISTRICT
COURT, PHILLIPS COUNTY, HON. BLAIR
JONES, Presiding.

Respondent.



FILED

DEC 2 8 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Petitioner Little Big Warm Ranch, LLC (LBWR), via counsel, seeks a writ of supervisory control over the Seventeenth Judicial District Court, Phillips County, to reverse its October 14, 2021 Memorandum and Order Directing Administration of Water Rights on Big Warm Creek in its Cause No. DV-2018-30. LBWR alleges that the District Court Order readjudicates water rights that were determined by the Water Court and the District Court exceeded its jurisdiction in doing so. Wilfred L. Doll, defendant in the underlying matter, has responded via counsel and objected to LBWR's petition for writ.

Supervisory control is an extraordinary remedy that may be invoked when the case involves purely legal questions and urgency or emergency factors make the normal appeal process inadequate. M. R. App. P. 14(3). The case also must satisfy one of three additional criteria: (a) the other court is proceeding under a mistake of law and is causing a gross injustice; (b) constitutional issues of state-wide importance are involved; or (c) the other court has granted or denied a motion for substitution of a judge in a criminal case. M. R. App. P. 14(3)(a)-(c). Whether supervisory control is appropriate is a case-by-case decision. *Stokes v. Mont. Thirteenth Judicial Dist. Court*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754 (citations omitted). Consistent with Rule 14(3), it is the Court's practice to refrain from exercising supervisory control when the petitioner has an adequate remedy

of appeal. *E.g., Buckles v. Seventh Jud. Dist. Ct.*, No. OP 16-0517, 386 Mont. 393, 386 P.3d 545 (table) (Oct. 18, 2016); *Lichte v. Mont. Eighteenth Judicial Dist. Ct.*, No. OP 16-0482, 385 Mont. 540, 382 P.3d 868 (table) (Aug. 24, 2016).

LBWR provides the following basis for why it believes supervisory control is warranted here:

> [T]his issue presented here is of a purely legal nature and of extreme importance. The proceedings before the District Court still have many other non-related claims pending and discovery is still taking place. With no foreseeable appeal, LBWR is stuck with an Order that directly affects its water rights, making the normal appeals process inadequate. With increased droughts and scarcity of water, the District Court's Order is causing a gross injustice that only this Court can correct.

"[A] writ of supervisory control is not to be used as a means to circumvent the appeal process. Only in the most extenuating circumstances will such a writ be granted." *State ex rel. Ward v. Schmall*, 190 Mont. 1, 617 P.2d 140 (1980). As set forth in M. R. App. P. 14(3), supervisory control is *only* available if there is no adequate remedy on appeal. We find the justification offered by LBWR lacking. LBWR asserts that there are remaining claims pending before the District Court that are unrelated to the ruling it attempts to challenge here, but other than generally averring to the fact that discovery is ongoing, LBWR offers no insight as to the status of these remaining claims or their projected resolution. Similarly, LBWR infers a sense of urgency by referring generally to "increased droughts and scarcity of water" and later in its petition asserts that these water rights are located near a community which suffered a drought last year, but it makes no claim that the particular water right at issue here has been so affected. LBWR has not established the presence of urgency or emergency factors that make the normal appeal process inadequate.

LBWR has not demonstrated that the normal appeal process is inadequate and has offered no compelling argument as to why this Court should assume supervisory control in this matter.

IT IS THEREFORE ORDERED that LBWR's Petition for a Writ of Supervisory Control is DENIED.

2

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioner, all counsel of record in the Seventeenth Judicial District Court, Phillips County, Cause No. DV-2018-30, and the Honorable Blair Jones, presiding.

DATED this 28 day of December, 2021.

_____
Chief Justice

_____

_____

_____

_____
Justices