**ORIGINAL**

**FILED**

03/08/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0102

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 22-0102

FILED

MAR 0 8 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

WILLIAM TREVOR CASE,

Petitioner,

v.

MONTANA THIRD JUDICIAL DISTRICT
COURT, DEER LODGE COUNTY,
HONORABLE RAY DAYTON, PRESIDING,

Respondent.

**ORDER**

By petition filed March 1, 2022, Petitioner and underlying Defendant William Trevor Case (Case) petitions this Court for exercise of writ of supervisory control in the underlying matter of *State v. Case*, Cause No. DC 21-100, Montana Third Judicial District Court, Deer Lodge County. Case seeks extraordinary review and reversal of the District Court's judgment, filed February 17, 2022, denying his motion for suppression of evidence resulting from a warrantless police entry into his home on September 27, 2021. He asserted below that the warrantless search violated the warrant and probable cause requirements of the Fourth Amendment to the United States Constitution and Article II, Section 11, of the Montana Constitution. The State asserted, and the District Court found and concluded upon hearing, that the warrantless search was constitutionally permissible based on exigent circumstances that created a reasonable belief that Case was suicidal, armed, and had either already shot himself with a gun or was about to. Here, Case does not dispute that exigent circumstances existed, but asserts that the warrantless search was nonetheless unlawful in violation of the Fourth Amendment and Article II, Section 11, because police made the warrantless entry into his home on a welfare check, without probable cause of criminal activity. He thus asserts that the District Court is proceeding under a manifest mistake of law. He further asserts that ordinary appeal will be inadequate and gross injustice will

result if he is forced to go through a trial on a felony assault of a police officer alleged to have occurred after police illegally entered his home.

Pursuant to Article VII, Section 2(2), of the Montana Constitution, this Court has "general supervisory control over all other" Montana courts. We generally exercise supervisory control only by discretionary writ under extraordinary circumstances, including where a lower court is proceeding under a mistake of law which, if left uncorrected prior to final judgment, will result in significant injustice for which ordinary appeal will not be an adequate remedy. M. R. App. P. 14(3); *Park v. Mont. Sixth Judicial Dist. Ct.*, 1998 MT 164, ¶ 13, 289 Mont. 367, 961 P.2d 1267. However, we will not allow supervisory control to substitute for ordinary appeal at the convenience of the parties and will generally exercise it "[o]nly in the most extenuating circumstances." *State ex rel. Ward v. Schmall*, 190 Mont. 1, 4, 617 P.2d 140, 141 (1980). In our discretion, we may order a summary response to a petition for supervisory control or deny and dismiss it without response. M. R. App. 14(7).

Upon our review, Case's petition is insufficient to meet his threshold burden of demonstrating that the District Court is proceeding under a manifest mistake of law, much less that ordinary appeal will be an inadequate remedy. *See, e.g., Estate of Frazier v. Miller*, 2021 MT 85, ¶¶ 16 and 26, 404 Mont. 1, 484 P.3d 912 (under the community caretaker doctrine, the public duty of police is not limited to criminal law enforcement and extends to rendering aid in a non-criminal investigative capacity to citizens who are apparently in need of imminent aid in furtherance of their health and safety); *Brigham City v. Stuart*, 547 U.S. 398, 403-04, 126 S. Ct. 1943, 1947 (2006) (an "exigency obviating" the search warrant requirement of the Fourth Amendment prohibition of unreasonable searches and seizures "is the need to assist persons who are seriously injured or threatened with such injury"—police may thus "enter a home without a warrant to render emergency assistance to an injured occupant or to protect an occupant from imminent injury"); *Mincey v. Arizona*, 437 U.S. 385, 392-93, 98 S. Ct. 2408, 2413 (1978) ("Fourth Amendment does not bar police . . . from making warrantless entries and searches when they reasonably believe that a person within is in need of immediate aid"—the "need to protect or preserve life or

2

avoid serious injury is justification for what would be otherwise illegal absent an exigency or emergency"—internal punctuation and citations omitted).

IT IS THEREFORE ORDERED that Case's petition for writ of supervisory control is hereby DENIED and DISMISSED. This ruling does not prejudice or preclude review of the merits of the subject assertion of error in the ordinary course on direct appeal.

The Clerk is hereby directed to provide immediate notice of this Order to all parties of record and the Hon. Ray Dayton, presiding, in the underlying matter of *State v. Case*, Cause No. DC 21-100, Montana Third Judicial District Court, Deer Lodge County.

DATED this 8th day of March, 2022.

_____

_____

_____

_____

_____
Justices