**ORIGINAL**



**FILED**

04/19/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0160

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### OP 22-0160

SHARON WOLDSTAD,

Petitioner,

v.

FOURTH JUDICIAL DISTRICT COURT,
MISSOULA COUNTY, HON. LESLIE
HALLIGAN, Presiding,

Respondent.

**FILED**

APR 1 9 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Petitioner Sharon Woldstad seeks a writ of supervisory control to vacate the Fourth Judicial District Court's December 23, 2021 Order Denying Plaintiff's Motion to Amend Scheduling Order in Missoula County Cause No. DV-17-1021. Woldstad asserts the court erred in denying her motion because she demonstrated the requisite good cause.

Woldstad is the plaintiff in a civil matter against St. Patrick Hospital. In July 2021, a life-care planner hired by Woldstad sat for a deposition by St. Patrick's counsel. During the deposition, the planner, in the words of Woldstad's counsel, "went rogue" and disavowed the opinions she had expressed in her written report, to the detriment of the value of Woldstad's case.

In November 2021, Woldstad moved the District Court to amend its scheduling order to allow Woldstad additional time to obtain a new expert witness. St. Patrick's opposed the motion. The District Court concluded that under the facts of the case and the legal authority relied upon by the parties, Woldstad had failed to demonstrate good cause for modification of the schedule as required by M. R. Civ. P. 16(b)(4).

Supervisory control is an extraordinary remedy that is sometimes justified when urgency or emergency factors make the normal appeal process inadequate, the case involves purely legal questions, and one or more of the three following circumstances exist; the other

court is proceeding under a mistake of law and is causing a gross injustice, constitutional issues of state-wide importance are involved, or the other court has granted or denied a motion for substitution of a judge in a criminal case. M. R. App. P. 14(3). Whether supervisory control is appropriate is a case-by-case decision. *Stokes v. Mont. Thirteenth Judicial Dist. Court*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754 (citations omitted).

Woldstad argues that appeal is not an adequate remedy in this case because, if the court erred in denying Woldstad's motion, Woldstad will have to endure the time and expense of litigation only for the matter to be reversed on appeal. We have repeatedly held that "a writ of supervisory control is not to be used as a means to circumvent the appeal process. Only in the most extenuating circumstances will such a writ be granted." *State ex rel. Ward v. Schmall*, 190 Mont. 1, 617 P.2d 140 (1980). This Court has repeatedly held that conserving resources, without more, is insufficient grounds to justify supervisory control where a party can seek review of the lower court's ruling on appeal and there is no evidence that relief on appeal would be inadequate. *Yellowstone Elec. Co. v. Mont. Seventh Judicial Dist. Court*, No. OP 19-0348, 397 Mont. 552, 449 P.3d 787 (table) (Aug. 6, 2019).

Woldstad further relies on *Brookins v. Mote*, 2012 MT 283, 367 Mont. 193, 292 P.3d 347, asserting that the District Court erred as a matter of law when it concluded that she had failed to demonstrate good cause to modify the scheduling order. In *Brookins*, we concluded that the District Court acted within its "inherent discretionary power" and did not abuse its discretion in reopening discovery. *Brookins*, ¶ 29. As we further explained in *Brookins*, district courts have inherent discretionary power to control discovery which we review for abuse of discretion. *Brookins*, ¶ 21 (citation and internal quotation omitted).

Pretrial discovery disputes are typically not appropriate for exercise of supervisory control. *USAA Cas. Inc. Co. v Eighth Judicial Dist. Court*, No. OP 19-0139, 396 Mont. 547, 449 P.3d 793 (Apr. 23, 2019). In this case, the District Court exercised its inherent power to control discovery when it denied Woldstad's motion to amend the scheduling order. Woldstad's petition for writ does not raise an issue that is purely one of law but involves a matter of discretion; it therefore fails to satisfy the standards for supervisory control.

IT IS THEREFORE ORDERED that the petition for writ of supervisory control is DENIED and DISMISSED.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioner, all counsel of record in the Fourth Judicial District Court, Missoula County, Cause No. DV-17-1021, and to the Honorable Leslie Halligan, presiding Judge.

DATED this 19th day of April, 2022.

_____
Chief Justice

_____

_____

_____

_____
Justices

3