FILED

06/24/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0331

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0331

LESLIE DEAN ERNST,

Petitioner,

v.

MONTANA THIRTEENTH JUDICIAL
DISTRICT COURT, YELLOWSTONE
COUNTY, HON. DONALD L. HARRIS,
Presiding,

Respondent.

FILED

JUN 2 3 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Petitioner Leslie Dean Ernst seeks a writ of supervisory control over the Thirteenth Judicial District Court, Yellowstone County, to reverse its January 22, 2022 Findings of Fact, Conclusions of Law, and Order in its Cause No. DC 13-0800. There, the District Court denied Ernst's motions to withdraw his guilty pleas and to dismiss.

Supervisory control is an extraordinary remedy that is sometimes justified when urgency or emergency factors exist making the normal appeal process inadequate, when the case involves purely legal questions, and when the other court is proceeding under a mistake of law and is causing a gross injustice, constitutional issues of state-wide importance are involved, or, in a criminal case, the other court has granted or denied a motion to substitute a judge. M. R. App. P. 14(3). Consistent with Rule 14(3), it is the Court's practice to refrain from exercising supervisory control when the petitioner has an adequate remedy of appeal. *E.g., Buckles v. Seventh Judicial Dist. Court*, No. OP 16-0517, 386 Mont. 393, 386 P.3d 545 (table) (Oct. 18, 2016); *Lichte v. Mont. Eighteenth Judicial Dist. Court*, No. OP 16-0482, 385 Mont. 540, 382 P.3d 868 (table) (Aug. 24, 2016).

Here, Ernst asserts that the District Court has set sentencing for June 29, 2022. Ernst maintains that if he is sentenced he may have no adequate remedy of appeal because the

State has suggested Ernst may have waived his right to appeal certain issues. We have held that "a writ of supervisory control is not to be used as a means to circumvent the appeal process. Only in the most extenuating circumstances will such a writ be granted." *State ex rel. Ward v. Schmall*, 190 Mont. 1, 617 P.2d 140 (1980). While we make no determination as to whether Ernst may have or may not have waived the appealability of any issues in his case, supervisory control is not a mechanism to circumvent the process of making such determination on appeal. We further fail to appreciate how allowing this case to proceed through sentencing and the regular appeals process would affect the appealability of this case.

As such, Petitioner has not demonstrated that this case is appropriate for this Court to take supervisory control.

IT IS THEREFORE ORDERED that the petition for writ of supervisory control is DENIED and DISMISSED.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioner, all counsel of record in the Thirteenth Judicial District Court, Yellowstone County, Cause No. DC 13-0800, and the Honorable Donald L. Harris, presiding Judge.

DATED this 24th day of June, 2022.

_____
Chief Justice

_____

_____

_____

_____
Justices

2