

FILED

12/13/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0690

IN IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0690

WILFRED L. DOLL and CHERI L. DOLL,

Petitioners,

v.

MONTANA SEVENTEENTH JUDICIAL DISTRICT
COURT, HON. YVONNE LAIRD, Presiding,

Respondent.

FILED

DEC 13 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Petitioners Wilfred L. Doll and Cheri L. Doll (Dolls) seek a writ of supervisory control over the Seventeenth Judicial District Court, Phillips County, to reverse its denial of summary judgment in Dolls' favor on three counterclaims alleged by Defendant Little Big Warm Ranch LLC (Ranch) in that court's Cause No. DV-2018-06, captioned *Doll v. Little Big Warm Ranch, LLC, et. al.* We have amended Petitioners' caption here to reflect the proper parties in this original proceeding. M. R. App. P. 14.

Dolls moved for summary judgment on several of the Ranch's counterclaims, on various grounds. In the District Court's April 23, 2021 Order, it dismissed two counterclaims on the basis of res judicata, dismissed three other counterclaims as time-barred, and estopped the Ranch from litigating certain issues on the basis of collateral estoppel. It denied summary judgment on three other of the Ranch's counterclaims, including Count IV (violation of duty of loyalty), Count V (violation of duty of care), and Count VI (violation of obligation of good faith and fair dealing), on the ground these claims were not time-barred. Dolls ask this Court to take supervisory control and reverse the District Court's ruling on these three counts, arguing the District Court erred as a matter of law by applying the wrong statute of limitations to these counts in its April 2021 Order. A seven-day trial, including on other issues, is set to begin on January 23, 2023.

Supervisory control is an extraordinary remedy that is sometimes justified when urgency or emergency factors make the normal appeal process inadequate, the case involves purely legal questions, and one or more of the three following circumstances exist; the other court is proceeding under a mistake of law and is causing a gross injustice, constitutional issues of state-wide importance are involved, or the other court has granted or denied a motion for substitution of a judge in a criminal case. M. R. App. P. 14(3). Consistent with Rule 14(3), it is the Court's practice to refrain from exercising supervisory control when the petitioner has an adequate remedy of appeal. *E.g., Buckles v. Seventh Jud. Dist. Ct.*, No. OP 16-0517, 386 Mont. 393, 386 P.3d 545 (table) (Oct. 18, 2016); *Lichte v. Mont. Eighteenth Judicial Dist. Court*, No. OP 16-0482, 385 Mont. 540, 382 P.3d 868 (table) (Aug. 24, 2016).

Dolls argue the District Court erred by determining the 8-year contract statute of limitation was applicable to the Ranch's counterclaims, because the gravamen of the statutory counterclaims lie in tort, not contract, and are time-barred under any applicable tort statute of limitation. They argue the Ranch's counterclaims make no reference to the contract between the parties that the District Court cited as the source of the claims. Dolls/ contend that correcting the District Court's alleged error in partially denying their motion for summary judgment "will significantly reduce the issues requiring trial, facilitate settlement, and eliminate the prospects of additional, time consuming and expensive appeals."

However, "a writ of supervisory control is not to be used as a means to circumvent the appeal process. Only in the most extenuating circumstances will such a writ be granted." *State ex rel. Ward v. Schmall*, 190 Mont. 1, 617 P.2d 140 (1980). M. R. App. P. 6(5)(b) specifies that orders denying motions for summary judgment, denying motions to dismiss, or granting motions for partial summary judgment are not immediately appealable, but those rulings may ultimately be reviewed on an appeal from a final judgment under M. R. App. P. 6(1). Although Dolls assert that this Court should take supervisory control because a ruling in their favor would streamline the remainder of the trial in this matter, we have repeatedly held that conserving resources, without more, is insufficient grounds

2

to justify supervisory control where a party can seek review of the lower court's ruling on appeal and there is no evidence that relief on appeal would be inadequate. *Yellowstone Elec. Co. v. Mont. Seventh Judicial Dist. Court*, No. OP 19-0348, 397 Mont. 552, 449 P.3d 787 (table) (Aug. 6, 2019); *Holloron v. Mineral Cty. Justice Court*, No. OP 21-0245, 404 Mont. 555, 489 P.3d 884 (table) (June 1, 2021); *Simpkins-Hallin, Inc. v. Mont. Eighteenth Judicial Dist. Court*, OP 21-0399, 405 Mont. 538, 495 P.3d 422 (Aug. 17, 2021). Although we have not ordered Respondents to provide a response, we see no reason why the District Court's ruling cannot be reviewed on appeal, if necessary, pursuant to Rule 6(1). Moreover, at this point, trial is set to commence in little more than five weeks from now and any substantive ruling from this Court, after obtaining responses pursuant to M. R. App. P. 7(a), would be too late to significantly alleviate the parties' trial preparation for these issues. Therefore,

IT IS ORDERED the Petition for a Writ of Supervisory Control is DENIED and DISMISSED.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioners, all counsel of record in the Seventeenth Judicial District Court, Phillips County, Cause No. DV-2018-06, and the Honorable Yvonne Laird, presiding.

DATED this 13 day of December, 2022.

_____
Chief Justice

_____

_____

_____

_____
Justices

3