ORIGINAL


FILED

06/06/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0311

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 23-0311

FILED

JUN 0 6 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

STATE OF MONTANA, et al.,

Petitioner,

v.

MONTANA FIRST JUDICIAL DISTRICT
COURT, LEWIS AND CLARK COUNTY,
HON. KATHY SEELEY, Presiding,

Respondent.

O R D E R

Petitioner State of Montana, et al., seeks a writ of supervisory control over the First Judicial District Court, Lewis and Clark County, to reverse its denial of the State's motion to dismiss for mootness and for summary judgment in that court's Cause No. CDV-25-2020-0307. The State further asks this Court to stay the proceedings below, currently set for trial to begin June 12, 2023, while this Petition is pending decision.

On March 13, 2020, Rikki Held, et al., filed a Complaint for Declaratory and Injunctive Relief, naming the State, the Governor, and various State agencies as the defendants, and alleging various constitutional harms arising from the statutory State Energy Policy (SEP) and what the Plaintiffs refer to as the "Climate Change Exception" to the Montana Environmental Policy Act (MEPA). The State moved to dismiss the Complaint and on August 4, 2021, the District Court dismissed some claims but allowed others to continue, determining that the Plaintiffs had sufficiently raised a factual dispute as to whether the SEP and the MEPA contributed to their injuries and that they had adequately established that these injuries were redressable. The court dismissed the claims for injunctive relief but allowed the claims for declaratory relief to proceed, and it further declined to dismiss the MEPA-related claims for want of administrative exhaustion.

On February 1, 2023, the State moved for summary judgment in its favor. On April 3, 2023, it further moved for partial dismissal on the basis of mootness. On May 23, 2023, the District Court issued its Order on Defendants' Motions to Dismiss for Mootness and for Summary Judgment, which is the basis of the present petition for writ of supervisory control. In that Order, the District Court agreed with the State that the Plaintiffs' challenge to the SEP should be dismissed without prejudice because the recent repeal of that statute raised redressability and prudential standing issues. However, the court denied the State's motion for summary judgment on the remaining MEPA issues because it determined that material facts remained in dispute that would preclude summary judgment in this case. The court was further unpersuaded by the State's legal arguments, including that it should decline to entertain the Plaintiffs' claims on the basis of prudential standing, stating, "There are no prudential concerns that prevent this Court from adjudging whether the MEPA limitation is constitutional."

Supervisory control is an extraordinary remedy that is sometimes justified when urgency or emergency factors make the normal appeal process inadequate, the case involves purely legal questions, and one or more of the three following circumstances exist; the other court is proceeding under a mistake of law and is causing a gross injustice, constitutional issues of state-wide importance are involved, or the other court has granted or denied a motion for substitution of a judge in a criminal case. M. R. App. P. 14(3).[1] Consistent with Rule 14(3), it is the Court's practice to refrain from exercising supervisory control when the petitioner has an adequate remedy of appeal. *E.g., Buckles v. Seventh Judicial Dist. Court*, No. OP 16-0517, 386 Mont. 393, 386 P.3d 545 (table) (Oct. 18, 2016); *Lichte v. Mont. Eighteenth Judicial Dist. Court*, No. OP 16-0482, 385 Mont. 540, 382 P.3d 868 (table) (Aug. 24, 2016).

The State asserts that this matter is set for a two-week trial beginning June 12, 2023. It argues that this Court should stay the proceedings below to entertain this petition. The

---

[1] In its petition, the State does not accurately address the criteria of Rule 14(3). Instead, it quotes *Plumb v. Fourth Judicial Dist. Court*, 279 Mont. 363, 369, 927 P.2d 1011, 1015 (1996), the holding of which was superseded by Rule 14 over a decade ago.

State maintains that the District Court should have granted summary judgment in the State's favor. First, it alleges that there are no material facts to be found at trial that would change the legal outcome of the case. Next, it reiterates the arguments it made below. In part, the State argues that the amendments made to MEPA during the 2023 legislative session removed the language that the Plaintiffs challenged in this litigation, and thus supervisory control would prevent a trial the State unsuccessfully tried to convince the District Court is unnecessary.

"[A] writ of supervisory control is not to be used as a means to circumvent the appeal process. Only in the most extenuating circumstances will such a writ be granted." *State ex rel. Ward v. Schmall*, 190 Mont. 1, 617 P.2d 140 (1980). M. R. App. P. 6(5)(b) specifies that orders denying motions for summary judgment, denying motions to dismiss, or granting motions for partial summary judgment are not immediately appealable, but those rulings may ultimately be reviewed on an appeal from a final judgment under M. R. App. P. 6(1). Although the State asserts that this Court should take supervisory control to avoid a trial, we have repeatedly held that conserving resources, without more, is insufficient grounds to justify supervisory control where a party can seek review of the lower court's ruling on appeal and there is no evidence that relief on appeal would be inadequate. *Yellowstone Elec. Co. v. Mont. Seventh Judicial Dist. Court*, No. OP 19-0348, 397 Mont. 552, 449 P.3d 787 (table) (Aug. 6, 2019); *Holloron v. Mineral Cty. Justice Court*, No. OP 21-0245, 404 Mont. 555, 489 P.3d 884 (table) (June 1, 2021); *Simpkins-Hallin, Inc. v. Mont. Eighteenth Judicial Dist. Court*, OP 21-0399, 405 Mont. 538, 495 P.3d 422 (table) (Aug. 17, 2021).

Moreover, though the State argues that the MEPA amendments effected by HB 971 mean the case now will be going to trial on a non-existent statute, it has not demonstrated that HB 971's amendments alter the allegations the Plaintiffs make in the Complaint. The Complaint alleges that since legislative amendments in 2011, the "Climate Change Exception" prohibits climate change from being considered in MEPA review. Since the Complaint was filed, the theory of this claim has been that prohibiting consideration of the

impacts of climate change in environmental review violates the Montana Constitution. The State does not explain how HB 971 changes that issue for trial.

In this case, the State has provided no reason why the District Court's ruling cannot be reviewed on appeal, if necessary, pursuant to Rule 6(1). Moreover, trial, with preparation literally years in the making, is set to commence less than a week from now; we are not inclined to disturb the District Court's schedule at this juncture.

IT IS THEREFORE ORDERED that the Petition for a Writ of Supervisory Control is DENIED and DISMISSED.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioner, all counsel of record in the Fist Judicial District Court, Lewis and Clark County, Cause No. CDV-25-2020-0307, and the Honorable Kathy Seeley, presiding.

DATED this 6ᵗʰ day of June, 2023.

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

Justice Jim Rice would order a response and postpone the trial.

4