ORIGINAL



FILED

10/31/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0615

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### OP 23-0615

NORTHWESTERN CORPORATION d/b/a
NORTHWESTERN ENERGY and
THE CLARK FORK AND BLACKFOOT, LLC
f/k/a THE MONTANA POWER COMPANY,

Petitioners,

v.

MONTANA SECOND JUDICIAL DISTRICT
COURT, SILVER BOW COUNTY, THE
HONORABLE KURT KRUEGER,

Respondent.

O R D E R

FILED

OCT 3 1 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Petitioners Northwestern Corporation d/b/a Northwestern Energy and The Clark Fork and Blackfoot, LLC f/k/a The Montana Power Company ("Northwestern") seek a writ of supervisory control, requesting this Court to review and rule upon the Second Judicial District Court's Order Granting Plaintiffs' Motion for Partial Summary Judgment and Denying Defendants' Cross-Motion for Summary Judgment in *Kehrwald v. Montana Power Company, et al.*, Silver Bow County Cause No. DV-22-108.

Bernard Kehrwald worked for Northwestern from 1954 to 1962 in a variety of roles such as, yardman, auxiliary boiler operator, and operator. Kehrwald worked for Farmers Union from 1975 to 1995. Kehrwald alleged he was exposed to asbestos during both employments.

Kehrwald was diagnosed with mesothelioma in 2020. Kehrwald and his wife filed suit against Northwestern, seeking damages for his asbestos-related disease. Kehrwald died on July 1, 2023, while this suit was pending, and his estate was substituted in as the plaintiff.

On October 3, 2023, the District Court ruled on cross-motions for summary judgment regarding which version of the Montana Occupational Disease Act (MODA) applied to Kehrwald's claims against Northwestern. The District Court held that the law in effect at the time Kehrwald stopped working for Northwestern—the 1961 version of the MODA—applied to Kehrwald's claims against Northwestern because that was the law in effect when Kehrwald stopped working for Northwestern, rather than the 1993 version of MODA, which was the law in effect on the date Kehrwald stopped working for Farmers Union. The effect of the District Court's ruling is that it allows Kehrwald to bring common law claims against Northwestern which would otherwise be barred by the exclusive remedy provisions of the 1993 MODA.

Supervisory control is an extraordinary remedy that is sometimes justified when urgency or emergency factors exist making the normal appeal process inadequate, when the case involves purely legal questions, and when the other court is proceeding under a mistake of law and is causing a gross injustice, constitutional issues of state-wide importance are involved, or, in a criminal case, the other court has granted or denied a motion to substitute a judge. M. R. App. P. 14(3). Whether supervisory control is appropriate is a case-by-case decision. *Stokes v. Mont. Thirteenth Judicial Dist. Court*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754 (citations omitted).

Northwestern asserts that because which version of MODA determines the outcome of the case, "[a] decision by this Court as to the applicable law affects the costs of litigation, whether there will be a trial and, if so, what issues remain to be tried. It will guide the remaining discovery and the prospects for settlement." Northwestern contends that without a ruling from this Court prior to trial, "[i]t must either settle a case in which it may have no liability or try the case before it can appeal and seek reversal on this dispositive issue."

"[A] writ of supervisory control is not to be used as a means to circumvent the appeal process. Only in the most extenuating circumstances will such a writ be granted." *State ex rel. Ward v. Schmall*, 190 Mont. 1, 617 P.2d 140 (1980). M. R. App. P. 6(5)(b) specifies that orders denying motions for summary judgment, denying motions to dismiss, or granting motions for partial summary judgment are not immediately appealable, but

2

those rulings may ultimately be reviewed on an appeal from a final judgment under M. R. App. P. 6(1). Although Northwestern asserts that this Court should take supervisory control because it should not have to participate in a trial, we have repeatedly held that conserving resources, without more, is insufficient grounds to justify supervisory control where a party can seek review of the lower court's ruling on appeal and there is no evidence that relief on appeal would be inadequate. *Yellowstone Elec. Co. v. Mont. Seventh Judicial Dist. Court*, No. OP 19-0348, 397 Mont. 552, 449 P.3d 787 (table) (Aug. 6, 2019); *Holloron v. Mineral Cty. Justice Court*, No. OP 21-0245, 404 Mont. 555, 489 P.3d 884 (table) (June 1, 2021); *Simpkins-Hallin, Inc. v. Mont. Eighteenth Judicial Dist. Court*, OP 21-0399, 405 Mont. 538, 495 P.3d 422 (Aug. 17, 2021). Northwestern has failed to establish that an appeal provides inadequate relief. If participation in a trial constituted an irreparable harm, Rule 6(5)(b) would not include orders granting partial summary judgment as a type of order not immediately appealable. Northwestern has not demonstrated that this case is appropriate for supervisory control.

Under M. R. App. P. 14(7)(a), upon the filing of a petition for writ, this Court may either order a summary response or dismiss the petition without ordering a response. In this instance, we conclude no response is necessary.

Therefore,

IT IS ORDERED that the petition for writ of supervisory control is DENIED and DISMISSED.

The Clerk is directed to provide immediate notice of this Order to all counsel of record in the Second Judicial District Court, Silver Bow County, Cause No. DV-21-062, and to the Honorable Kurt Krueger, presiding Judge.

DATED this 31st day of October, 2023.

_____
Chief Justice

_____

3

_____

_____

_____
Justices