ORIGINAL



FILED

09/25/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0543

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0543

PHILLIP MICHAEL FRISCIA,

Petitioner,

v.

MONTANA EIGHTH JUDICIAL DISTRICT
COURT, CASCADE COUNTY, HONORABLE
JOHN A. KUTZMAN, Presiding,

Respondent.

FILED

SEP 25 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Petitioner Phillip Michael Friscia, via counsel, seeks a writ of supervisory control to reverse and vacate the September 10, 2024 Order Denying Motion for New Jury Panel/Array in the Eighth Judicial District Court, Cascade County, in Cause No. CDC-23-517, in which Friscia is the defendant.

Friscia alleges that, after the Cascade County Clerk of Court testified, in an unrelated criminal matter, about her office practices regarding the formation of the trial jury for that defendant's trial, Friscia moved for a new jury panel/array in his criminal matter. The District Court ultimately denied his motion and Friscia now seeks supervisory control from this Court.

Supervisory control is an extraordinary remedy that may be invoked when the case involves purely legal questions and urgent or emergency factors make the normal appeal process inadequate. M. R. App. P. 14(3). The case must meet one of three additional criteria: (a) the other court is proceeding under a mistake of law and is causing a gross injustice; (b) constitutional issues of state-wide importance are involved; or (c) the other court has granted or denied a motion for substitution of a judge in a criminal case. M. R. App. P. 14(3)(a)-(c). Consistent with Rule 14(3), it is the Court's practice to refrain from exercising supervisory control when the petitioner has an adequate remedy of appeal.

*E.g., Buckles v. Seventh Jud. Dist. Ct.*, No. OP 16-0517, 386 Mont. 393, 386 P.3d 545 (table) (Oct. 18, 2016); *Lichte v. Mont, Eighteenth Judicial Dist. Court*, No. OP 16-0482, 385 Mont. 540, 382 P.3d 868 (table) (Aug. 24, 2016). "[A] writ of supervisory control is not to be used as a means to circumvent the appeal process. Only in the most extenuating circumstances will such a writ be granted." *State ex rel. Ward v. Schmall*, 190 Mont. 1, 617 P.2d 140 (1980).

Here, Friscia offers arguments as to why an incorrectly selected jury panel might constitute reversible error. However, Friscia does not explain how, or why, he would be unable to seek review of this ruling on appeal, nor why any relief obtained via appeal would be inadequate. Moreover, the entirety of Friscia's argument appears to be based on the Clerk's formation of a trial jury for a different defendant in a wholly unrelated case; he does not argue that the District Court erred as a matter of law in his own case.

We have determined that Friscia has failed to demonstrate that the normal appeal process is inadequate in this instance, nor that the District Court erred as a matter of law. Friscia has offered no compelling argument as to why this Court should assume supervisory control in this matter.

IT IS THEREFORE ORDERED that Friscia's Petition for a Writ of Supervisory Control is DENIED and DISMISSED.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioner, all counsel of record in the Eighth Judicial District Court, Cascade County, Cause No. CDC-23-517, and the Honorable John A. Kutzman, presiding.

DATED this 25 day of September, 2024.

_____
Chief Justice

_____

2

_____

_____

_____
Justices

3