ORIGINAL

FILED

10/08/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0595

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0595

AUSTIN MILES KNUDSEN,

Petitioner,

v.

COMMISSION ON PRACTICE of the
SUPREME COURT of the STATE of
MONTANA,

Respondent.

O R D E R

FILED

OCT - 8 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Petitioner Austin Miles Knudsen, via counsel, seeks a writ of supervisory control to reverse several rulings the Commission on Practice has made in its disciplinary proceeding in which Knudsen is the respondent, designated as ODC File No. 21-094 and our Case No. PR 23-0496. This matter is set for hearing before the Commission beginning October 9, 2024. Knudsen asks us to vacate pre-hearing rulings that allow Court Administrator Beth McLaughlin to testify remotely and that exclude the testimony of Knudsen's expert witness Thomas Lee, former Justice of the Utah Supreme Court, and to order the Commission to replace members of the Adjudicatory Panel. Alternately, Knudsen requests that we stay the proceedings, order further briefing, and set the matter for oral argument.

On September 5, 2023, the Office of Disciplinary Counsel filed a Complaint against Knudsen, charging him with professional misconduct and alleging that he committed 41 ethical violations of the Montana Rules of Professional Conduct. Knudsen responded in opposition to the charges. The matter was set for hearing before an Adjudicatory Panel of the Commission, pursuant to Rule 12D of the Montana Rules for Lawyer Disciplinary Enforcement (MRLDE), from October 9 through 11, 2024. Knudsen now seeks supervisory control of this Court, asserting that the Commission is "rushing ahead" to hearing without adequately protecting his due process rights.

Supervisory control is an extraordinary remedy that is sometimes justified when urgency or emergency factors make the normal appeal process inadequate, the case involves purely legal questions, and one or more of the three following circumstances exist: the other court is proceeding under a mistake of law and is causing a gross injustice, constitutional issues of state-wide importance are involved, or the other court has granted or denied a motion for substitution of a judge in a criminal case. M. R. App. P. 14(3). Consistent with Rule 14(3), it is the Court's practice to refrain from exercising supervisory control when the petitioner has an adequate remedy of appeal. *E.g., Buckles v. Seventh Jud. Dist. Ct.*, No. OP 16-0517, 386 Mont. 393, 386 P.3d 545 (table) (Oct. 18, 2016); *Lichte v. Mont. Eighteenth Jud. Dist. Ct.*, No. OP 16-0482, 385 Mont. 540, 382 P.3d 868 (table) (Aug. 24, 2016).

In this instance, Knudsen asserts that the Commission's alleged errors are purely mistakes of law. Knudsen further asserts that the ordinary appeals process is inadequate and that these alleged errors—which he identifies as "depriving Petitioner of the opportunity for in-person cross-examination, excluding expert testimony necessary to Petitioner's defense, [and] failing to remove two [Adjudicatory Panel] members (of five total members) with disabling [sic] conflicts—cannot be cured on appeal."

Knudsen relies on *Nw. Corp. v. Mont. Second Jud. Dist. Ct.*, No. OP 23-0615, 414 Mont. 386, 539 P.3d 1091 (Oct. 31, 2023). However, in that Order, we denied supervisory control, explaining that participation in a trial, in and of itself, does not constitute an irreparable harm. An inadequate remedy exists where the error cannot be remedied by subsequent appeal. *E.g. Barrus v. Mont. First Jud. Dist. Ct.*, 2020 MT 14, ¶ 22, 398 Mont. 353, 456 P.3d 577 (defendant would have no adequate remedy of appeal if he were involuntarily medicated prior to appellate review of lower court's order allowing involuntary medication); *Park v. Mont. Sixth Jud. Dist. Ct.*, 1998 MT 164, ¶¶ 15-16, 289 Mont. 367, 961 P.2d 1267 (supervisory control appropriate regarding court order requiring criminal defendant to submit to mental evaluation and answer questions related to the charges against him because appeal cannot restore constitutional right not to be a witness against oneself). *See also Chui v. Fourth Jud. Dist. Ct.*, No. OP 19-0722, Order (Mont.

2

Jan. 28, 2020) (appeal process is not inadequate where potential harm is not directly caused by the ruling but is an exterior consequence to the litigation).

MRLDE 16 provides that a party subject to a recommendation for discipline from the Commission has the right to file objections with this Court. The evidentiary errors Knudsen alleges thus may be remedied on review if the Commission has erred in its rulings. Furthermore, the two Adjudicatory Panel members to whom Knudsen objected have both been substituted from the panel.[1] *Matter of Knudsen*, No. PR 23-0496, Order (Mont. Sept. 17, 2024) (appointing Carey Matovich to serve as an attorney member of the Adjudicatory Panel in this matter only); *Matter of Knudsen*, No. PR 23-0496, Order (Mont. Sept. 17, 2024) (appointing Mike Lamb to serve as an attorney member of the Adjudicatory Panel in this matter only).

"[A] writ of supervisory control is not to be used as a means to circumvent the appeal process. Only in the most extenuating circumstances will such a writ be granted." *State ex rel. Ward v. Schmall*, 190 Mont. 1, 617 P.2d 140 (1980). In this case, Knudsen has provided no reason why the Commission's rulings cannot be reviewed under MRDLE 16. As provided in the disciplinary rules, Knudsen will have opportunity to object to the Commission's rulings and recommendation in due course.

IT IS THEREFORE ORDERED that the Petition for a Writ of Supervisory Control is DENIED and DISMISSED.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioner, the Office of Disciplinary Counsel, and the Commission on Practice.

DATED this 8th day of October, 2024.

_____
Chief Justice

_____

---

[1] Adjudicatory Panel members Patricia Klanke and Lois Menzies both recused themselves from these proceedings after Knudsen objected to their participation.

3

_____

_____

_____
Justices