ORIGINAL

FILED

05/10/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0175

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0175

T.M.B., by and through DARCY SAUNDERS,
Capital Case Management, Inc., Guardian and
Conservator,

Petitioner,

v.

MONTANA FIRST JUDICIAL DISTRICT
COURT, Hon. Michael Menahan, presiding,

Respondent.

FILED

MAY 10 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

By petition filed April 11, 2022, the above-captioned petitioner (T.M.B.) petitions this Court for exercise of supervisory control in the underlying matter of *T.M.B. v. West Mont. and Montana Department of Public Health and Human Services*, Cause No. ADV-2020-1599, Montana First Judicial District Court, Lewis and Clark County. The petition seeks extraordinary review of the District Court's February 16, 2022 order granting summary judgment to the underlying co-defendant, Montana Department of Public Health and Human Services (MDPHHS), on T.M.B.'s asserted negligence and negligent supervision claims against MDPHHS.

As evident from the petition and submitted exhibits, T.M.B.'s second amended complaint essentially alleges, *inter alia*, that: (1) T.M.B. is an adult female with a "developmental disability," as defined by § 53-20-202(3), MCA; (2) MDPHHS is a state government entity authorized pursuant to Title 52, ch. 2-3, MCA, to "establish and administer" comprehensive developmental disability services, programs, or facilities, which may include "community home[s] for persons with developmental disabilities" in "family-oriented" residential settings provided "indirectly through contract . . . arrangements" with qualified private providers, subject to applicable state and federal

regulations; (3) West Mont was at all times pertinent a private non-profit organization engaged in the operation of qualified developmental disability "community homes," and the provision of related residential services for voluntarily admitted residents, in accordance with Title 53, ch. 20, part 3, MCA, and (4) T.M.B. was a voluntarily admitted resident of a developmentally disabled community home (i.e. group home) operated by West Mont in Lewis and Clark County under a MDPHHS contract and who was allegedly subjected to sexual intercourse without consent (SIWC) by a West Mont employee in the home.

T.M.B.'s negligence claim against MDPHHS asserts that MDPHHS is liable to her for the alleged SIWC committed by the West Mont employee as a breach of the asserted non-delegable duty of MDPHHS to protect T.M.B. from such harm. T.M.B.'s related negligent supervision claim alternatively asserts that MDPHHS is liable to her for the alleged SIWC as a breach of the asserted duty of MDPHHS to adequately supervise the conduct of West Mont and its employees to protect T.M.B. from such harm. T.M.B. asserts that those duties arise from the applicable provisions of § 53-20-101, *et seq.*, MCA, and Title 37, ch. 34, Admin. R. M., and the nature thereunder of the relationships between MDPHHS, T.M.B., and West Mont.

In granting summary judgment to MDPHHS on T.M.B.'s asserted negligence and negligent supervision claims, the District Court essentially ruled pursuant to the general rule stated in *Beckman v. Butte- Silver Bow County*, 2000 MT 112, ¶ 12, 299 Mont. 389, 1 P.3d 348, and the recognized nondelegable duty exception thereto stated in Restatement (Second) of Agency § 214, and as analyzed in *Paull v. Park County*, 2009 MT 321, ¶ 37, 352 Mont. 465, 218 P.3d 1198, and implicated in *Maguire v. State*, 254 Mont. 178, 182-83, 835 P.2d 755, 758-59 (1992), that there is no genuine issue of material fact on the M. R. Civ. P. 56 factual record presented that the West Mont employee committed the alleged SIWC outside the course and scope of his employment and that MDPHHS had no nondelegable duty to protect T.M.B. from such conduct under those circumstances. T.M.B.'s petition essentially asserts that the District Court erroneously construed and

2

applied the Restatement (Second) of Agency § 214 nondelegable duty exception too narrowly. In their responses to the petition, MDPHHS and West Mont respectively assert that supervisory control is inappropriate here because T.M.B. has failed to demonstrate that the District Court is proceeding under a manifest error of law for which ordinary appeal would be an inadequate remedy.

As pertinent here, supervisory control is proper only in our discretion upon an affirmative showing that: (1) the lower court is proceeding under a manifest mistake of law involving purely legal questions not dependent on disputed material facts; (2) under circumstances involving issues of statewide importance, danger of inevitable procedural entanglement, or where the disputed ruling will dramatically affect the cost and scope of trial preparation, presentation and claim settlement dynamics; and (3) which will thus result in gross injustice for which ordinary appeal will be an inadequate remedy. M. R. App. P. 14(3)(a) and (b); *Stokes v. Mont. Thirteenth Judicial Dist. Court* (*Stokes I*), 2011 MT 182, ¶¶ 6-8, 361 Mont. 279, 259 P.3d 754; *Truman v. Mont. Eleventh Judicial Dist. Court*, 2003 MT 91, ¶ 15, 315 Mont. 165, 68 P.3d 654; *Park v. Mont. Sixth Judicial Dist. Court*, 1998 MT 164, ¶ 13, 289 Mont. 367, 961 P.2d 1267; *Plumb v. Mont. Fourth Judicial Dist. Court*, 279 Mont. 363, 370, 927 P.2d 1011, 1015-16 (1996). However, we will not allow supervisory control to substitute for ordinary appeal at the convenience of the parties—it is generally appropriate "[o]nly in the most extenuating circumstances." *State ex rel. Ward v. Schmall*, 190 Mont. 1, 617 P.2d 140 (1980).

Upon due consideration pursuant to M. R. App. P. 14(7) of T.M.B.'s petition, submitted exhibits (i.e. her second amended complaint and the subject written ruling and judgment of the District Court), and the respective response of MDPHHS and West Mont, we find and conclude that, without prejudice to ordinary appeal, supervisory control is not necessary or appropriate here because T.M.B. has demonstrated neither that the District Court is proceeding under a manifest mistake of law, nor that ordinary appeal would be inadequate to remedy such error even if so.

IT IS ORDERED therefore that the above-referenced Petition for exercise of supervisory control is hereby DENIED.

The Clerk of this Court is hereby directed to provide immediate notice of this Order to all counsel of record in this matter and to the Clerk and presiding judge in the underlying matter of *T.M.B. v. West Mont. and Montana Department of Public Health and Human Services*, Cause No. ADV-2020-1599, Montana First Judicial District Court, Lewis and Clark County, Hon. Michael Menahan, presiding.

DATED this 10 day of May, 2022.

_____

_____

_____

_____

_____
Justices